UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESMOND WHITE,

    Plaintiff,

-v-

HON. JUDGE TIMOTHY M. KENNEY, in his official capacity as the Chief Judge Pro-Tem and Presiding Judge of the Criminal Division of the Wayne County Circuit Court, KYM WORTHY, in her official capacity as the Wayne County Prosecutor, and CHARTER COUNTY OF WAYNE, a municipal corporation,

    Defendants.

Case No. 2:15-cv-13085

Hon. Mark A. Goldsmith

Mag. Judge Mona K. Majzoub

---

### INCORORATED MOTION TO DISMISS AND RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO VOID JUDGE KENNY'S SEPTEMBER 18, 2013 PROTECTION ORDER BY DEFENDANT WAYNE COUNTY

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Wayne County moves to dismiss the "Verified Complaint for Declaratory Judgment and Injunctive Relief" filed by Plaintiff Desmond White ("Plaintiff"). In support of its motion and in response to Plaintiff's "Emergency Motion to Void Judge Kenny's September 18, 2013 Protection Order," Wayne County relies upon the attached Brief.

Pursuant to E.D. Mich. L.R. 7.1(a), on September 30, 2015, counsel for Wayne County contacted counsel for Plaintiff, and requested, but did not obtain, concurrence in the relief sought.

Dated: October 6, 2015                Respectfully submitted,

By: */s/ Davidde A. Stella*
Zenna Elhasan (P67961)
Wayne County Corporation Counsel
Davidde A. Stella (P69948)
Assistant Corporation Counsel
500 Griswold St., 11th Floor
Detroit MI 48226
(313) 224-5030
dstella@waynecounty.com

Attorneys for Wayne County

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESMOND WHITE,

    Plaintiff,

-v-

HON. JUDGE TIMOTHY M. KENNEY, in his official capacity as the Chief Judge Pro-Tem and Presiding Judge of the Criminal Division of the Wayne County Circuit Court, KYM WORTHY, in her official capacity as the Wayne County Prosecutor, and CHARTER COUNTY OF WAYNE, a municipal corporation,

    Defendants.

Case No. 2:15-cv-13085

Hon. Mark A. Goldsmith

Mag. Judge Mona K. Majzoub

---

**BRIEF IN SUPPORT OF INCORORATED MOTION TO DISMISS AND RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO VOID JUDGE KENNY'S SEPTEMBER 18, 2013 PROTECTION ORDER BY DEFENDANT WAYNE COUNTY**

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Are Plaintiff's claims against Defendant Wayne County under 42 U.S.C. § 1983 ripe for adjudication?

2. In the alternative, has Plaintiff stated a cognizable 42 U.S.C. § 1983 claim against Wayne County?

# CONTROLLING OR MOST APPLICABLE AUTHORITY

<u>Issue No. 1</u>: Ripeness

*Abbott Laboratories v. Gardner*, 387 U.S. 136 (1967).

*Dealer Computer Services, Inc. v. Dub Herring Ford*, 547 F.3d 558 (6th Cir. 2008).

*Nat'l Rifle Ass'n of America v. Magaw*, 132 F.3d 272 (6th Cir. 1997).

<u>Issue No. 2</u>: Municipal Liability

*Graham v. County of Washtenaw,* 358 F.3d 377 (6th Cir. 2004).

*Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978).

*Thomas v. City of Chattanooga,* 398 F.3d 426 (6th Cir. 2005).

*Watkins v. City of Battle Creek,* 273 F.3d 682 (6th Cir. 2001).

## INTRODUCTION

Plaintiff Desmond White ("Plaintiff"), an individual associated with Robert Davis[1] organization "Citizens United Against Corrupt Government" ("CUACG"), filed the present suit under 42 U.S.C. § 1983 against Judge Timothy M. Kenny of the Wayne County Circuit Court, Kym Worthy, the Wayne County Prosecutor, and Wayne County, alleging that Judge Kenny's September 18, 2013 order sealing certain records, and barring disclosure of the same under Michigan's Freedom of Information Act ("FOIA"), as part of a "one-man grand jury" investigation into the Wayne County Jail project, is unconstitutional because it bars public access to certain documents. Plaintiff seeks the invalidation of Mich. Comp. Laws § 767.6a as applied to her and/or the invalidation of Judge Kenny's September 18, 2013 order under the Fourteenth Amendment.

This is not CUACG's first attempt to challenge the September 18, 2013 order. During 2014, CUACG filed: (1) an unsuccessful FOIA lawsuit against Wayne County in state court; (2) an unsuccessful complaint for a writ of superintending control against Judge Kenny in the Michigan Court of Appeals; and (3) an unsuccessful motion in Judge Kenny's criminal proceedings. Now, Plaintiff

---

[1] On December 18, 2014, Mr. Davis was sentenced by Judge Tarnow to 18 months in federal prison for embezzling $200,000 from Highland Park Schools. *See* http://www.freep.com/story/news/local/michigan/wayne/2014/12/18/robert-davis-highland-park-tax-fraud-embezzlement/20577839/.

1

asserts claims that the September 18, 2013 order violates her due process rights under the Fourteenth Amendment.

As explained further below, any claim against Wayne County is not ripe for adjudication. The Complaint alleges, correctly, that Wayne County cannot disclose the documents under the FOIA because it is bound by the September 18, 2013 order. Because there is no allegation or indication that Wayne County would deny a FOIA request for the documents if the order were lifted, any likelihood of alleged injury to Plaintiff is entirely speculative, or may not occur at all. Even if this claim were ripe for adjudication, Plaintiff fails to state a plausible *Monell* claim under 42 U.S.C. § 1983 against Wayne County.

## RELEVANT FACTS

**A.     September 2013: The Wayne County Circuit Court Enters an Order Prohibiting the Disclosure of the Auditor General's Report.**

In connection with a one-man grand jury criminal investigation involving the construction of the new Wayne County Jail, on September 18, 2013, Judge Kenny of the Wayne County Circuit Court entered an order barring the disclosure of certain documents relevant to the criminal investigation:

> IT IS HEREBY ORDERED that any and all copies of the Wayne County Consolidated Jail Facility Construction Cost Through June 30, 2013, Independent Auditor's Report, An Agreed Upon Procedures Report, DAP #2013-57-008, August 16, 2013, is evidence properly admitted as Exhibit "A" for consideration before the one-man grand jury and as such is subject to the secrecy provisions of the Grand Jury Statutes and shall not be publicly disclosed.

> IT IS FURTHER ORDERED that this prohibition on disclosure of Wayne County Consolidated Jail Facility Construction Cost Through June 30, 2013, Independent Auditor's Report, An Agreed Upon Procedures Report, DAP #2013-57-008, August 16, 2013 applies to any and all parties currently in possession of a redacted or unredacated version of this document and disclosure of this document or any related materials and/or attachments to the public would constitute a violation of the Grand Jury secrecy provisions and subject any party to criminal sanctions authorized by the statutes.
>
> IT IS FURTHER ORDERED that this prohibition on disclosure includes, but is not limited to, requests for information pursuant to the Michigan Freedom of Information Act (MCL 15.243(1)(b)).
>
> IT IS HEREBY ORDERED that this Order of Protection shall remain in effect until superseded by future written order of this Court.

(Exhibit 1, 9/18/13 Order).

On September 12, 2014, indictments were handed down for three individuals associated with the Wayne County Jail project. As of the date of filing of this motion, the criminal proceedings are still pending against two of the individuals. (Exhibit 2, State Court Docket).

**B.     September 2014: Wayne County Denies CUACG's Freedom of Information Act Request Directed at Obtaining a Copy of the Auditor General's Report.**

On September 29, 2014, Mr. Robert Davis, on behalf of a group called Citizens United Against Corrupt Government ('CUACG'), sent a request under the 'Freedom of Information Act' for an internal audit performed regarding the Wayne County Jail Project. (Exhibit 3, 9/29/14 Correspondence). On October 6, 2014,

3

Wayne County responded that Judge Kenny's September 18, 2013 order barred the disclosure of the Auditor General's Report. (Exhibit 4, 10/6/14 Correspondence).

**C.   October 2014: CUACG Files Suit in Wayne County Circuit Court Against Wayne County Seeking the Disclosure of the Audit Report.**

On October 29, 2014, CUACG, though the same counsel as in the present case, filed a civil lawsuit in Wayne County Circuit Court against Wayne County and Willie Mayo, Wayne County's Legislative Auditor, seeking for Wayne County to disclose the Audit Report under Michigan's Freedom of Information Act. (Exhibit 5, Docket; Exhibit 6, Complaint w/o Exhibits). That case was assigned to the Honorable Annette J. Berry. On the same day, Plaintiff filed a "motion for writ of mandamus and declaratory judgment and order to show cause," arguing that both FOIA and Mich. Const. 1963 art. 9, § 23 compelled the disclosure of the Auditor General's Report. (Exhibit 7, 10/29/2014 Motion w/o Exhibits). On October 30, 2014, Judge Berry entered an *ex parte* show cause order requiring the defendants to appear on November 14, 2014. (Exhibit 8, 10/30/14 Ex Parte Order).

On November 6, 2014, the defendants filed a motion to set aside the show case order, arguing that: (1) they were bound by Judge Kenny's September 18, 2013 order; and (2) CUACG's proper remedy was to seek relief from Judge Kenny or the Michigan Court of Appeals. (Exhibit 9, 11/6/14 Motion w/o Exhibits). On November 17, 2014, Judge Berry granted the defendants' motion and set aside her prior October 29, 2014 order. (Exhibit 10, 11/14/14 Order).

4

On November 18, 2014, the defendants filed a motion to dismiss for lack of subject matter jurisdiction under Mich. Ct. R. 2.613(B) because under Michigan law a circuit court judge lacks the authority to set aside or vacate the order of a fellow judge. (Exhibit 11, 11/18/14 Motion).

CUACG subsequently filed two amended complaints–one on November 24, 2014, and the other on December 11, 2014. In both, CUACG claims that it was only seeking a declaration that the Auditor General's Report was a "public document" pursuant to Mich. Const. 1963, art. 9, § 23. (Exhibit 12, 12/11/14 2d Am. Compl.). On December 10, 2014, CUACG filed a response to the motion to dismiss. (Exhibit 13, Response). In the same, CUACG acknowledged that the defendants could not disclose the Auditor General's Report because of the existence of Judge Kenny's September 18, 2013 order. On December 10, 2014, the defendants filed a reply. (Exhibit 14, Reply w/o Exhibits).

On December 15, 2014, Judge Berry dismissed the case in its entirety for lack of subject matter jurisdiction. (Exhibit 15, 12/15/14 Order).

**D.     November 2014: CUACG Files a Complaint for a Writ of Superintending Control In the Michigan Court of Appeals.**

On November 10, 2014, CUACG filed a complaint for a writ of superintending control with the Michigan Court of Appeals to challenge the validity of Judge Kenny's September 18, 2013 order. (Exhibit 16, Docket). On November 13, 2014, the Michigan Court of Appeals denied the complaint for

5

superintending control. (Exhibit 17, 11/13/14 Order). CUACG did not seek leave to appeal to the Michigan Supreme Court.

### E. November 2014: CUACG Files an "Emergency Motion" Before Judge Kenny For Disclosure of the Auditor General's Report.

On November 13, 2014, CUACG filed an "emergency motion" before Judge Kenny, seeking that he unseal the Auditor General's Report from one-man grand jury investigation. (Exhibit 18, 11/13/14 Motion). On December 2, 2014, Judge Kenny denied the motion without prejudice. (Exhibit 19, 12/3/14 Order). CUACG did not appeal that decision.

### F. December 2014 – March 2015: CUACG Sends Another FOIA Request to Wayne County.

Despite Judge Kenny's refusal to modify the September 18, 2013 order, on December 11, 2014, CUACG made another FOIA request to Wayne County for the documents. On December 18, 2014, Wayne County denied the FOIA request. (Exhibit 20, 12/18/14 Correspondence).

On March 6, 2015, Judge Kenny further clarified his order that CUACG's December 11, 2014 FOIA requests fell under the reach of the September 18, 2013 order. (Exhibit 21, 3/6/15 Order). CUACG did not appeal that decision. Furthermore, it is unclear whether CUACG ever contacted Chief Judge Colombo regarding the status of the documents in compliance with the March 6, 2015 order.

### G. May 2015: CUACG Sends Another FOIA Request to Wayne County.

On May 7, 2015, CUACG sent another FOIA request to Wayne County requesting documents that remained under seal by Judge Kenny's order. (Exhibit 22, 5/7/15 Correspondence).[2] On May 15, 2015, Wayne County responded that the documents sought fell under the ambit of the September 18, 2013 order and could not be disclosed. (Exhibit 23, 5/15/15 Correspondence).

**H.     August 2015: Plaintiff Files the Present Suit.**

On August 31, 2015, Plaintiff filed the present suit against Judge Kenny, Kym Worthy, and Wayne County, seeking to void the September 18, 2013 order under 42 U.S.C. § 1983.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6):

> The Supreme Court has recently clarified the pleading standard necessary to survive a Rule 12(b)(6) motion. Factual allegations contained in a complaint must raise a right to relief above the speculative level. *Twombly* does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. "In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.

---

[2] Plaintiff incorrectly states that <u>she</u> sent the FOIA request. (Compl ¶ 17). However, as the correspondence plainly demonstrates, the request came from Mr. Andrew Paterson on behalf of the CUACG.

*Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citations and internal quotation marks omitted).

## ARGUMENT

**A.** **Plaintiff's Claims Against Wayne County Are Unripe.**

The doctrine of ripeness exists to prevent courts from adjudicating premature or abstract disagreements. *See Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49 (1967). Courts may not resolve disputes that are "anchored in future events that may not occur as anticipated" or may not occur at all. *Nat'l Rifle Ass'n of America v. Magaw*, 132 F.3d 272, 284 (6th Cir. 1997). Whether a dispute is ripe depends upon three factors: "(1) the likelihood that the harm alleged by the party will ever come to pass; (2) the hardship to the parties if judicial relief in denied at this stage in the proceedings; and (3) whether the factual record is sufficiently developed to produce a fair adjudication on the merits." *Dealer Computer Services, Inc. v. Dub Herring Ford*, 547 F.3d 558, 561 (6th Cir. 2008). Here, as to Wayne County, none of these factors weigh in Plaintiff's favor.

Throughout the Complaint, Plaintiff acknowledges that Wayne County cannot disclose the Auditor General's Report while the current September 18, 2013 order, as clarified by a subsequent order on March 6, 2015, remains in effect:

> 44. To date, the Defendant Wayne County has not formally responded to Plaintiff White's formal written request to publicly inspect and receive a copy of the Wayne County Jail Construction Audit. And, although the Defendant Wayne County has not formally

8

> responded, its failure to respond is a "denial" under Michigan law and solely extends from Defendant Wayne County's belief and conclusion that they are legally bound under Michigan law by Judge Kenny's September 18, 2013 Order of Protection (Exhibit B). Such beliuef [sic] and conclusion are well founded for the Michigan Supreme Court has held: "A party must obey an order entered by a court with proper jurisdiction, even if the order is clearly incorrect, or the party must face the risk of being held in contempt and possibly being ordered to comply with the order at a later date." *Kirby v MHSAA*, 459 Mich 23, 40; 585 NW2d 290 (1998).

(Compl. ¶ 44).

There is no allegation, or indication, that if the order were lifted, Wayne County would not comply with a FOIA request for the documents. *See, e.g., Hockman v. Schuler*, No. 07-14268, 2009 WL 1585826, *3 (E.D. Mich. June 5, 2009) (unpublished) ("Given the uncertainty over how the Ohio court will rule on plaintiffs' motion, they have failed to meet the first factor as they have not shown a likelihood that the harm alleged will actually come to pass with respect to the $1.5 million the R & Z plaintiffs seek in excess of the collateral"). Indeed, the Complaint alleges no direct cause of action against Wayne County under any theory. Therefore, because the harm alleged is not likely to occur, Plaintiff cannot satisfy the first factor.

Second, there is no hardship to Plaintiff if judicial relief is denied at this stage of the proceedings. If the September 18, 2013 is lifted, then Plaintiff will have an opportunity to submit an appropriate FOIA request. If Wayne County denies that request for any reason, Plaintiff can exercise her rights under the FOIA

9

and bring a suit. *See, e.g., Dub Herring Ford*, 547 F.3d at 562-63 ("Given this prospective opportunity for judicial review, it does not appear DCS will suffer a material hardship if review is withheld at this preliminary stage of arbitration").

Finally, the factual record is not sufficiently developed to adjudicate Plaintiff's claim. Plaintiff admits that Wayne County cannot disclose the Auditor General's Report because of the September 18, 2013 order. Because it is unclear whether or not the order will be lifted or modified, Wayne County is under no present obligation to provide the requested documents to Plaintiff.

Because the factors demonstrate the claims are not ripe for consideration, Plaintiff fails to state a claim upon which can be granted against Wayne County.

**B.     Even if the Claims Were Ripe, Plaintiff Fails to State a Claim Under 42 U.S.C. § 1983 Against Wayne County.**

Even if Plaintiff's claims were ripe against Wayne County, the Complaint fails to state a cognizable violation of 42 U.S.C. § 1983. A municipality can be held liable under § 1983 where it is shown that a municipal custom or policy is the driving force behind the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (stating that the drafters of § 1983 intended only to impose liability on a government that "causes" an employee to violate another's rights under color of some official policy). "If no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983." *Watkins v. City of Battle Creek,* 273 F.3d 682, 687 (6th

Cir. 2001). To prevail in such a suit, the plaintiff must show that the alleged violation of federal rights was caused by a municipal policy or custom. *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005). A plaintiff asserting a § 1983 claim on the basis of municipal custom or policy must identify the policy, connect the policy to the municipality, and show that the specific injury at issue was caused by the execution of that policy. *Graham v. County of Washtenaw,* 358 F.3d 377, 383 (6th Cir. 2004).

Plaintiff fails to state a claim for a *Monell* violation. First, Plaintiff has failed to identify any individual employed by, or acting on behalf of, Wayne County who allegedly violated her constitutional rights. Second, Plaintiff has failed to identify any unconstitutional policy or custom that caused her any injury. Plaintiff admits that Wayne County is bound by a presumptively-valid court order. If Plaintiff believes that Wayne County improperly denied her FOIA request, she has remedies under the FOIA statute, including the right of judicial review – therefore, no procedural due process issues exist. *See, e.g., Hulshof v. Jurkas*, No. 4:05-CV-152, 2006 WL 2943302, *6 (W.D. Mich. Oct. 13, 2006) (dismissing a due process claim based on a denial under the FOIA).[3] Furthermore, there appears to be no authority for the proposition that a municipality violates the Fourteenth

---

[3] Indeed, as described above, in 2014, the CUACG filed, and then dropped, a FOIA lawsuit in state court.

11

Amendment by compliance with a state court order barring disclosure of records under the state's FOIA law.

Therefore, Plaintiff cannot establish a *Monell* claim against Wayne County.

## CONCLUSION

For the foregoing reasons, Wayne County requests that the Court grant its motion to dismiss and deny Plaintiff's emergency motion.

Dated: October 6, 2015                    Respectfully submitted,

By: */s/ Davidde A. Stella*
Zenna Elhasan (P67961)
Wayne County Corporation Counsel
Davidde A. Stella (P69948)
Assistant Corporation Counsel
500 Griswold St., 11th Floor
Detroit MI 48226
(313) 224-5030
dstella@waynecounty.com

Attorneys for Wayne County

## LOCAL RULE CERTIFICATION

I, Davidde A. Stella, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

## CERTIFICATE OF SERVICE

I certify that on **October 6, 2015**, I filed a copy of the foregoing with the Clerk of the Court using the electronic filing system which will send electronic notification of this filing to all parties.

*/s/Davidde A. Stella*