# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DESMOND WHITE,

      Plaintiff,

-v-                                Case No. 2:15-cv-13085

                                        Hon. Mark A. Goldsmith

HON. JUDGE TIMOTHY M.            Mag. Judge Mona K. Majzoub
KENNEY, in his official capacity as
the Chief Judge Pro-Tem and
Presiding Judge of the Criminal
Division of the Wayne County
Circuit Court, KYM WORTHY, in
her official capacity as the Wayne
County Prosecutor, and CHARTER
COUNTY OF WAYNE, a municipal
corporation,

      Defendants.

---

# INCORORATED MOTION TO DISMISS AND
# RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO VOID
# JUDGE KENNY'S SEPTEMBER 18, 2013 PROTECTION ORDER
# BY DEFENDANT KYM WORTHY

      Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Kym Worthy (the "Wayne County Prosecutor") moves to dismiss the "Verified Complaint for Declaratory Judgment and Injunctive Relief" filed by Plaintiff Desmond White ("Plaintiff"). In support of its motion and in response to Plaintiff's "Emergency Motion to Void Judge Kenny's September 18, 2013 Protection Order," the Wayne County Prosecutor relies upon the attached Brief.

Pursuant to E.D. Mich. L.R. 7.1(a), on October 28, 2015, counsel for the Wayne County Prosecutor contacted counsel for Plaintiff, and requested, but did not obtain, concurrence in the relief sought.

Dated: October 29, 2015

Respectfully submitted,

By: */s/ Davidde A. Stella*
Zenna Elhasan (P67961)
Wayne County Corporation Counsel
Davidde A. Stella (P69948)
Assistant Corporation Counsel
500 Griswold St., 30th Floor
Detroit MI 48226
(313) 224-5030
dstella@waynecounty.com

Attorneys for Kym Worthy

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DESMOND WHITE,

       Plaintiff,

-v-                                   Case No. 2:15-cv-13085

HON. JUDGE TIMOTHY M.            Hon. Mark A. Goldsmith
KENNEY, in his official capacity as
the Chief Judge Pro-Tem and         Mag. Judge Mona K. Majzoub
Presiding Judge of the Criminal
Division of the Wayne County
Circuit Court, KYM WORTHY, in
her official capacity as the Wayne
County Prosecutor, and CHARTER
COUNTY OF WAYNE, a municipal
corporation,

       Defendants.

---

## BRIEF IN SUPPORT OF INCORPORATED MOTION TO DISMISS AND RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO VOID JUDGE KENNY'S SEPTEMBER 18, 2013 PROTECTION ORDER BY DEFENDANT KYM WORTHY

**CONCISE STATEMENT OF ISSUES PRESENTED**

1.    Is the Wayne County Prosecutor a proper party to this case?

2.    Should the Court abstain from adjudicating this case under *Younger*?

3.    Has the Wayne County Prosecutor violated Plaintiff's procedural due process rights?

**CONTROLLING OR MOST APPLICABLE AUTHORITY**

<u>Issue No. 1</u>: Proper Party

*Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412 (6th Cir. 1996).

*Tesmer v. Granholm*, 114 F. Supp. 2d 603 (E.D. Mich. 2000).

<u>Issue No. 2</u>: *Younger* Abstention

*Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584 (2013).

<u>Issue No. 3</u>: Procedural Due Process

*Waeschle v. Dragovic*, 576 F.3d 539, 544 (6th Cir. 2009).

**INTRODUCTION**

Plaintiff Desmond White ("Plaintiff"), an individual associated with Robert Davis'[1] organization "Citizens United Against Corrupt Government" ("CUACG"), filed the present suit under 42 U.S.C. § 1983 against Judge Timothy M. Kenny of the Wayne County Circuit Court, Kym Worthy, the Wayne County Prosecutor, and Wayne County, alleging that Judge Kenny's September 18, 2013 order sealing certain records, and barring disclosure of the same under Michigan's Freedom of Information Act ("FOIA"), as part of a "one-man grand jury" investigation into the Wayne County Jail project, is unconstitutional because it bars public access to certain documents.  Plaintiff seeks the invalidation of Mich. Comp. Laws § 767.6a as applied to her and/or the invalidation of Judge Kenny's September 18, 2013 order under the Fourteenth Amendment.

This is not CUACG's first attempt to challenge the September 18, 2013 order.  During 2014, CUACG filed: (1) an unsuccessful FOIA lawsuit against Wayne County in state court; (2) an unsuccessful complaint for a writ of superintending control against Judge Kenny in the Michigan Court of Appeals; and (3) an unsuccessful motion in Judge Kenny's criminal proceedings.  Now, Plaintiff

---

[1] On December 18, 2014, Mr. Davis was sentenced by Judge Tarnow to 18 months in federal prison for embezzling $200,000 from Highland Park Schools.  *See* http://www.freep.com/story/news/local/michigan/wayne/2014/12/18/robert-davis-highland-park-tax-fraud-embezzlement/20577839/.

asserts claims that the September 18, 2013 order violates her due process rights under the Fourteenth Amendment.

As explained further below, the Complaint does not state a cognizable claim against the Wayne County Prosecutor as she is not a proper party to a lawsuit seeking the invalidation of a state court judicial order entered pursuant to Michigan law. Even if the Wayne County Prosecutor were a proper party, the Court should abstain from adjudicating this dispute under the *Younger* abstention doctrine because federal law requires abstention to suits seeking to intervene into pending state court criminal proceedings. In the alternative, Plaintiff has not plead a cognizable claim for a violation of procedural due process rights.

## RELEVANT FACTS

**A.     September 2013: The Wayne County Circuit Court Enters an Order Prohibiting the Disclosure of Certain Records in Connection With the One-Man Grand Jury Investigation.**

In connection with a one-man grand jury criminal investigation involving the construction of the new Wayne County Jail, on September 18, 2013, Judge Kenny of the Wayne County Circuit Court entered an order barring the disclosure of certain documents relevant to the criminal investigation:

> IT IS HEREBY ORDERED that any and all copies of the Wayne County Consolidated Jail Facility Construction Cost Through June 30, 2013, Independent Auditor's Report, An Agreed Upon Procedures Report, DAP #2013-57-008, August 16, 2013, is evidence properly admitted as Exhibit "A" for consideration before the one-man grand

2

jury and as such is subject to the secrecy provisions of the Grand Jury Statutes and shall not be publicly disclosed.

IT IS FURTHER ORDERED that this prohibition on disclosure of Wayne County Consolidated Jail Facility Construction Cost Through June 30, 2013, Independent Auditor's Report, An Agreed Upon Procedures Report, DAP #2013-57-008, August 16, 2013 applies to any and all parties currently in possession of a redacted or unredacted version of this document and disclosure of this document or any related materials and/or attachments to the public would constitute a violation of the Grand Jury secrecy provisions and subject any party to criminal sanctions authorized by the statutes.

IT IS FURTHER ORDERED that this prohibition on disclosure includes, but is not limited to, requests for information pursuant to the Michigan Freedom of Information Act (MCL 15.243(1)(b)).

IT IS HEREBY ORDERED that this Order of Protection shall remain in effect until superseded by future written order of this Court.

(Exhibit 1, 9/18/13 Order).

On September 12, 2014, indictments were handed down for three individuals associated with the Wayne County Jail project – Wayne County employee Stephen Collins, former Wayne County employee Carla Sledge, and Anthony Parlovecchio. As of the date of the filing of this motion, the claims against Mr. Collins and Mr. Parlovecchio have been dismissed.  Criminal proceedings are still pending against Carla Sledge in Wayne County Circuit Court.   (Exhibit 2, State Court Docket). Documents related to Carla Sledge's criminal prosecution have not yet been put into evidence in that case.

**B.      September 2014: Wayne County Denies CUACG's Freedom of Information Act Request Directed at Obtaining a Copy of the Auditor General's Report.**

On September 29, 2014, Mr. Robert Davis, on behalf of a group called Citizens United Against Corrupt Government ("CUACG"), sent a request under the "Freedom of Information Act" for the Audit Report that had been sealed by Judge Kenny.  (Exhibit 3, 9/29/14 Correspondence).  On October 6, 2014, Wayne County responded that Judge Kenny's September 18, 2013 order barred the disclosure of the Audit Report.  (Exhibit 4, 10/6/14 Correspondence).

**C.      October 2014: CUACG Files Suit in Wayne County Circuit Court Against Wayne County Seeking the Disclosure of the Audit Report.**

On October 29, 2014, CUACG, though the same counsel as in the present case, filed a civil lawsuit in Wayne County Circuit Court against Wayne County and Willie Mayo, Wayne County's Legislative Auditor, seeking for Wayne County to disclose the Audit Report under Michigan's Freedom of Information Act. (Exhibit 5, Docket; Exhibit 6, Complaint w/o Exhibits).  That case was assigned to the Honorable Annette J. Berry.  On the same day, Plaintiff filed a "motion for writ of mandamus and declaratory judgment and order to show cause," arguing that both the FOIA and Mich. Const. 1963 art. 9, § 23 compelled the disclosure of the Audit Report. (Exhibit 7, 10/29/2014 Motion w/o Exhibits).  On October 30, 2014,

Judge Berry entered an *ex parte* show cause order requiring the defendants to appear on November 14, 2014.   (Exhibit 8, 10/30/14 Ex Parte Order).

On November 6, 2014, the defendants filed a motion to set aside the show case order, arguing that: (1) they were bound by Judge Kenny's September 18, 2013 order; and (2) CUACG's proper remedy was to seek relief from Judge Kenny or the Michigan Court of Appeals.  (Exhibit 9, 11/6/14 Motion w/o Exhibits).  On November 17, 2014, Judge Berry granted the defendants' motion and set aside her prior October 29, 2014 order.  (Exhibit 10, 11/14/14 Order).

On November 18, 2014, the defendants filed a motion to dismiss for lack of subject matter jurisdiction under Mich. Ct. R. 2.613(B) because under Michigan law a circuit court judge lacks the authority to set aside or vacate the order of a fellow judge.  (Exhibit 11, 11/18/14 Motion).

CUACG subsequently filed two amended complaints – one on November 24, 2014, and the other on December 11, 2014.  In both, CUACG claims that it was only seeking a declaration that the Audit Report was a "public document" pursuant to Mich. Const. 1963, art. 9, § 23.  (Exhibit 12, 12/11/14 2d Am. Compl.).  On December 10, 2014, CUACG filed a response to the motion to dismiss.  (Exhibit 13, Response).   In the same, CUACG acknowledged that the defendants could not disclose the Audit Report because of the existence of Judge Kenny's September

18, 2013 order.  On December 10, 2014, the defendants filed a reply.  (Exhibit 14, Reply w/o Exhibits).

On December 15, 2014, Judge Berry dismissed the case in its entirety for lack of subject matter jurisdiction.  (Exhibit 15, 12/15/14 Order).

**D.      November 2014: CUACG Files a Complaint for a Writ of Superintending Control In the Michigan Court of Appeals.**

On November 10, 2014, CUACG filed a complaint for a writ of superintending control with the Michigan Court of Appeals to challenge the validity of Judge Kenny's September 18, 2013 order.  (Exhibit 16, Docket).  On November 13, 2014, the Michigan Court of Appeals denied the complaint for superintending control.  (Exhibit 17, 11/13/14 Order).  CUACG did not seek leave to appeal to the Michigan Supreme Court.

**E.      November 2014: CUACG Files an "Emergency Motion" Before Judge Kenny For Disclosure of the Auditor General's Report.**

On November 13, 2014, CUACG filed an "emergency motion" before Judge Kenny, seeking that he unseal the Audit Report from one-man grand jury investigation.  (Exhibit 18, 11/13/14 Motion).  On December 2, 2014, Judge Kenny denied the motion without prejudice.  (Exhibit 19, 12/3/14 Order).   CUACG did not appeal that decision.

6

**F.     December 2014 – March 2015:  CUACG Sends Another FOIA Request to Wayne County.**

Despite Judge Kenny's refusal to modify the September 18, 2013 order, on December 11, 2014, CUACG made another FOIA request to Wayne County for the documents.  On December 18, 2014, Wayne County denied the FOIA request. (Exhibit 20, 12/18/14 Correspondence).

On March 6, 2015, Judge Kenny further clarified his order that CUACG's December 11, 2014 FOIA requests fell under the reach of the September 18, 2013 order.   (Exhibit 21, 3/6/15 Order).   CUACG did not appeal that decision. Furthermore, it is unclear whether CUACG ever contacted Chief Judge Robert J. Colombo regarding the status of the documents in compliance with the March 6, 2015 order.

**G.     May 2015:  CUACG Sends Another FOIA Request to Wayne County.**

On May 7, 2015, CUACG sent another FOIA request to Wayne County requesting documents that remained under seal by Judge Kenny's order.  (Exhibit 22, 5/7/15 Correspondence).[2]  On May 15, 2015, Wayne County responded that the

---

[2]  Plaintiff incorrectly states that _she_ sent the FOIA request.   (Compl ¶ 17). However, as the correspondence plainly demonstrates, the request came from Mr. Andrew Paterson on behalf of the CUACG.

documents sought fell under the ambit of the September 18, 2013 order and could not be disclosed.  (Exhibit 23, 5/15/15 Correspondence).


**H.      August 2015: Plaintiff Files the Present Suit.**

On August 31, 2015, Plaintiff filed the present suit against Judge Kenny, Kym Worthy, and Wayne County, seeking to void the September 18, 2013 order under 42 U.S.C. § 1983.   Plaintiff also filed an "Emergency Motion to Void Judge Kenny's September 18, 2013 Protection Order."

The Complaint makes no specific allegations of unconstitutional actions or wrongdoing by the Wayne County Prosecutor.  It only seeks "injunctive relief enjoining Defendants from enforcing Mich. Comp. Laws § 767.6a and Judge Kenny's September 18, 2013 order only with respect to denying Plaintiff White the right to publicly inspect the Wayne County Jail Construction Audit and supporting documents." (Doc. No. 1, Comp. at 21).   At no point does Plaintiff allege that she sought the documents directly from the Wayne County Prosecutor, and was refused.  Like Plaintiff, the Wayne County Prosecutor continues to be bound by the terms of the Order.

On October 28, 2015, Defendant Wayne County was dismissed from this suit with prejudice.   (Doc. No. 14, 10/28/15 Order).[3]

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6):

> The Supreme Court has recently clarified the pleading standard necessary to survive a Rule 12(b)(6) motion.   Factual allegations contained in a complaint must raise a right to relief above the speculative level. *Twombly* does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. "In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.

*Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)

(citations and internal quotation marks omitted).

## ARGUMENT

**A.     The Wayne County Prosecutor Is Not a Proper Party to the Case.**

Plaintiff seeks the following relief in her Complaint: (1) a declaration that the September 18, 2013 order issued pursuant to Mich. Comp. Laws § 767.6a

---

[3] It is not clear whether Judge Kenny has been served with a copy of the Summons and Complaint in this matter.

violates her procedural due process rights; (2) an injunction restraining Defendants from enforcing the September 18, 2013 order; and (3) attorney fees and costs. (Compl., p. 20-21). However, as explained below, the Wayne County Prosecutor is not a proper party in a lawsuit seeking the invalidation of the September 18, 2013 order.

Michigan law establishes a grand jury system in which state court judges can investigate possible criminal wrongdoing, examine witnesses and documents, and possibly issue an indictment. *See* Mich. Comp. Laws § 761.1 et seq. The grand jury procedure includes a provision requiring the sealing of certain records used in the proceedings and providing penalties for those in violation of the provision:

> On termination of any such inquiry lasting not more than 30 calendar days the docket, journal, reporters' notes, transcript and other record of such judge in such inquiry shall be sealed and filed with the clerk of the court having jurisdiction; and if lasting more than 30 calendar days shall be sealed and filed with the clerk of the supreme court of the state of Michigan, where it shall be held secretly in a separate container securely locked. **Any person who shall violate the secrecy herein ordered as to such docket, journal, transcript and record shall be punished as provided in section 4 hereof**. And the entire transcript and record as to any witness, and so far as material, including any grant of immunity, shall be available to such witness in connection with any appeal or other judicial proceeding where it may be relevant upon such witness filing a petition with the circuit court of the county in which he resides setting forth the proceeding for which such documents are sought and describing the portions of such transcript and record as to such witness only, which such witness requested for such appeal or proceeding; the judge of such circuit court shall issue an order upon the filing of such petition directed to the clerk of the supreme court of the state of Michigan or the clerk of the court, as the case may be, ordering such clerk to make available to

10

such witness all such portions of the transcript and record as shall pertain to such witness and as set forth in the petition. The clerk shall immediately reseal the remaining transcript and records after compliance with such order. The petitioner shall execute to the clerk of the supreme court a receipt for such documents and such documents shall be returned to the clerk immediately upon the termination of such appeal or proceeding for which the same shall have been obtained: Provided, however, upon the petition of the prosecuting attorney of the county in which such inquiry was conducted, or any other interested person, any circuit judge, acting as such in said county, upon determining that there is no further need for preserving and retaining the same, shall enter an order providing for the referring to the supreme court, for the entry of such order or orders as a majority of the court may at any time determine, for the destruction of said transcripts, notes and records, or any part thereof: Provided further, That no such order shall be entered by such circuit judge until at least 6 years after the termination of such inquiry.

Mich. Comp. Laws § 767.6a. (emphasis added).   In this case, Judge Kenny's September 18, 2013 order sealing certain records, including the Audit Report, was entered pursuant to this provision.   The Wayne County Prosecutor is bound by the terms of the Order.

The Michigan Supreme Court has long upheld the constitutionality of the one-man grand jury statute and its secrecy provisions:

Complaint is also made that the proceedings before the judge of a court of record under the statute are secret. It is insisted that the inquiry may not be properly regarded as a grand jury proceeding, it being conceded that such a proceeding must necessarily be secret for reasons of public policy. However, no provision of either State or Federal Constitutions forbids the legislature to provide a method of inquiry for the investigation of claims of criminal conduct, in addition to the 23-man grand jury procedure. The same reasons deemed essential to a proceeding of the latter nature likewise obtain where the inquiry is conducted by a judge acting in his judicial capacity. If this

11

> were not so the purpose of the inquiry might be defeated as a result of
> publicity. The difficulty of obtaining the attendance of desired
> witnesses would also be increased. Furthermore, an inquiry of the
> nature here under consideration, like a 23-man grand jury proceeding,
> may well involve persons not guilty of any violation of the law, but
> concerning whom rumors have been circulated tending to raise
> questions in such respect.  Secrecy is requisite for the protection of the
> innocent as well as for the effective conducting of the investigation

*People v. Dungey*, 97 N.W.2d 778, 782 (Mich. 1959).

Plaintiff's theory is that the application of the § 767.6a mandatory secrecy provisions to her request to Judge Kenny for the Audit Report deprives her of federal due process rights because § 767.6a interferes with the "property right" that she has in the documents pursuant to the following Michigan constitutional provision:

> All financial records, accountings, audit reports and other reports of
> public moneys shall be public records and open to inspection. A
> statement of all revenues and expenditures of public moneys shall be
> published and distributed annually, as provided by law.

Mich. Const. 1963, art. 9, § 23.

However, regardless of whether Plaintiff's theory is correct (and it is not), the Wayne County Prosecutor is not a proper party to a suit seeking a injunction or declaration that Judge Kenny's order violates her procedural due process rights. The Wayne County Prosecutor, like Plaintiff, is bound by the terms of the order and does not have the authority to modify or lift it.  *See, e.g., Tesmer v. Granholm*, 114 F. Supp. 2d 603, 615-16 (E.D. Mich. 2000) (holding that prosecutors were not

the proper parties to a § 1983 suit challenging state court judges' denial of appellate counsel to indigent individuals who accepted plea deals); *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1416 (6th Cir. 1996) ("General authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law") (citation omitted).

Furthermore, there is no allegation that Plaintiff ever made a request to the Wayne County Prosecutor directly for the documents.[4]   There is no allegation that the Wayne County Prosecutor has committed, or imminently will commit, any unconstitutional act in regards to Plaintiff.  The Wayne County Prosecutor cannot grant the relief sought by Plaintiff because it is not the Prosecutor's order being challenged.

In short, because Plaintiff fails to allege any wrongdoing against her by the Wayne County Prosecutor, she fails to state a claim upon which relief can be granted.

**B.     Even if the Wayne County Prosecutor Were a Proper Party, the Court Should Abstain From Adjudicating This Case Under the *Younger* Abstention Doctrine.**

---

[4] As explained above, CUACG did direct FOIA requests to Wayne County, which were properly denied under the terms of the September 18, 2013 order.

Under the *Younger* abstention doctrine, federal courts should abstain from adjudicating cases that seek to "interfere" into the following types of state court cases: (1) criminal proceedings; (2) civil proceedings that are akin to criminal prosecutions; or (3) civil proceedings that implicate a state's interest in enforcing the orders and judgments of its courts. *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013).[5] *Younger* abstention applies in cases seeking both declaratory and injunctive relief under 42 U.S.C. § 1983. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998). As here, courts routinely abstain from adjudicating constitutional claims related to ongoing state court criminal proceedings. *See, e.g., Southwest Metals, Inc. v. City of Detroit*, No. 15-11080, 2015 WL 1737603, *3 (E.D. Mich. Apr. 16, 2015) (unpublished) (staying a § 1983 case in favor of pending state court criminal proceeding); *Yother v. Frierson*, No. 12-1147, 2013 WL 523389, *2 (W.D. Mich. Feb. 12, 2013) (unpublished) (abstaining from the adjudication of § 1983 claims based upon the existence of state court criminal proceedings); *Stewart v. Muskegon Heights Police Dep't*, No.

---

[5] Before Sprint, courts applied a three-part test derived from the Supreme Court's decision in *Middlesex Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982). However, it appears that *Sprint* held that the three conditions are not necessarily dispositive of the *Younger* analysis. *See* 134 S. Ct. at 593-94. Even applying the *Middlesex* factors, they are satisfied here: (1) there is an ongoing state judicial proceeding; (2) the state has an important interest in prosecuting potential criminal wrongdoing by local governmental officials; and (3) Plaintiff has, and has exercised, a right to intervene in the proceedings to seek the sealed documents.

12-718, 2012 WL 4501256, *6 (W.D. Mich. Sept. 28, 2012) (unpublished) (same).[6]

This case squarely falls into the "criminal proceedings" category of cases to which *Younger* applies.  The underlying criminal prosecution stemming from the one-man grand jury proceedings against Carla Sledge remains pending.  Plaintiff's request for relief – that Judge Kenny's September 18, 2013 order should be invalidated – would certainly "interfere" with the conduct of the state court criminal proceedings – as it would unseal certain documents central to the investigation and prosecution of Carla Sledge that have not been yet put into evidence at trial.  *Bice v. Louisiana Public Defender Bd.*, 677 F.3d 712, 717 (5th Cir. 2012) ("Interference is established 'whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly'") (quoting *Joseph A. ex rel. Wolfe v. Ingram,* 275 F.3d 1253, 1272 (10th Cir. 2002)).

Furthermore, it does not matter for purposes of *Younger* that Plaintiff is not a "defendant" in the state criminal proceedings.  *See, e.g., Kuhn v. Thompson*, 304 F. Supp. 2d 1313, 1326 (M.D. Ala. 2004) ("When third parties' claims directly affect the prosecution in the state court, abstention is required") (citations omitted);

---

[6] *Younger* abstention includes exceptions for "bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate[.]" *Middlesex*, 457 U.S. at 435. There is no allegation of any of that conduct here.

*Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 800-01 (9th Cir. 2001) (recognizing that *Younger* applies to a plaintiff, although not a defendant in the state court criminal case, seeking to "interfere" with a state criminal proceeding).  As noted above, Plaintiff has directly intervened in the criminal proceedings, yet failed to appeal any adverse rulings to the Michigan Supreme Court.

Because *Younger* mandates that Plaintiff not be allowed to interfere with ongoing state criminal proceedings, the Court should abstain from adjudicating her claims.

**C.    Even if the Wayne County Prosecutor Were a Proper Party, and the Court Does Not Abstain, Plaintiff Has Failed to Allege a Cognizable Procedural Due Process Claim.**

To establish a violation of procedural due process, a plaintiff must show that that she (1) had a life, liberty, or property interest protected by the Constitution; (2) was deprived of that interest by a state actor; and (3) was not afforded timely and adequate process under law.  *Waeschle v. Dragovic*, 576 F.3d 539, 544 (6th Cir. 2009).    Assuming, without conceding, that Plaintiff can establish she has a federally-recognized "property interest" because of Mich. Const. art. 9, § 23, she cannot establish (1) the Wayne County Prosecutor deprived her of a legitimate "property interest"; or (2) she had no timely and adequate process under the law.

First, Plaintiff fails to allege how the Wayne County Prosecutor deprived her of a "property interest." Plaintiff fails to allege that she ever sought the document directly from the Wayne County Prosecutor, or how she would be otherwise entitled to the document outside the procedures outlined in the FOIA statute.

Second, Plaintiff/CUACG has had adequate notice and opportunity to be heard on this issue. Michigan law provided Plaintiff at least avenues of review of a decision to seal the Audit Report: (1) rights conferred by the FOIA for judicial review of a decision denying a request; (2) direct intervention in the one-man grand jury proceedings; and (3) a right to seek Michigan Court of Appeals' superintending control over Judge Kenny. As explained above, Plaintiff exercised all of these options. *See, e.g., Leija v. Koselka*, No. 07-13529, 2007 WL 2950787, *3 (E.D. Mich. Oct. 10, 2007) (unpublished) (holding that no procedural due process violation occurred when FOIA conferred a right on the plaintiff to file a lawsuit seeking the validity of a denial). In addition, Plaintiff filed a proceeding in the Michigan Court of Appeals seeking superintending control over Judge Kenny to unseal the Audit Report. After receiving adverse rulings in all three proceedings, Plaintiff failed to file any appeals.

Therefore, because Plaintiff cannot establish that the Wayne County Prosecutor deprived her of a protected property interest or that she did not have

adequate notice and opportunity to be heard in the state court system, she fails to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, the Wayne County Prosecutor requests that the Court grant her motion to dismiss and deny Plaintiff's emergency motion.

Dated: October 29, 2015

Respectfully submitted,

By: */s/ Davidde A. Stella*
Zenna Elhasan (P67961)
Wayne County Corporation Counsel
Davidde A. Stella (P69948)
Assistant Corporation Counsel
500 Griswold St., 30th Floor
Detroit MI 48226
(313) 224-5030
dstella@waynecounty.com

Attorneys for Kym Worthy

## LOCAL RULE CERTIFICATION

I, Davidde A. Stella, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

## CERTIFICATE OF SERVICE

I certify that on **October 29, 2015**, I filed a copy of the foregoing with the Clerk of the Court using the electronic filing system which will send electronic notification of this filing to all parties.

*/s/Davidde A. Stella*

18