UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DESMOND M. WHITE,**

     **Plaintiff,**

                                      Case No. 2:15-cv-13085

**-v-**                                    Hon. Mark A. Goldsmith

                                      Mag. Judge Mona K. Majzoub

**HON. JUDGE TIMOTHY M. KENNY, in his official
capacity as the Chief Judge Pro-Tem and
Presiding Judge of the Criminal Division
of the Wayne County Circuit Court, KYM
WORTHY, in her official capacity as the
Wayne County Prosecutor, and CHARTER
COUNTY OF WAYNE, a municipal corporation,**

     **Defendants.**

---

Andrew A. Paterson (P18690)     Ellen Sharf (P37711)
Attorney for Plaintiff            Attorney for Hon. Timothy M. Kenny
46350 Grand River Ave., Suite C    Office of the General Counsel
Novi, MI 48374               Associate General Counsel-Civil Division
(248) 568-9712               742 Coleman A. Young Municipal Center
                             2 Woodward Avenue
                             Detroit, MI 48226
                             (313) 224-8805
                             ellen.sharf@3rdcc.org

---

### DEFENDANT HON. TIMOTHY M. KENNNY'S MOTION TO DISMISS

     Now comes Defendant, Hon. Timothy M. Kenny, by and through his attorney, Ellen

Sharf, and in lieu of filing an Answer to the Complaint, and Plaintiff's Emergency Motion

to Void Judge Kenny's September 18, 2013 Protection Order, moves this Court, pursuant

to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff's Complaint on the ground that Plaintiff has

failed to state a claim upon which relief may be granted for the reasons set forth in the Brief

in Support of his Motion to Dismiss.

Pursuant to E. D. Mich. L.R. 7.1(a), the undersigned counsel certifies that on December 18, 2015, the General Counsel, Richard Lynch, communicated in writing with opposing counsel, essentially explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief, and three business days have lapsed without opposing counsel expressly agreeing to the relief, orally or in writing.

Respectfully submitted,

*/s/ Ellen Sharf*

Ellen Sharf (P37711)
Attorney for Hon. Timothy M. Kenny
Office of the General Counsel
Associate General Counsel-Civil Division
742 Coleman A. Young Municipal Center
2 Woodward Avenue
Detroit, MI 48226
(313) 224-8805
ellen.sharf@3rdcc.org

**DATED:** January 4, 2016

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DESMOND M. WHITE,

      Plaintiff,

-v-

                                       Case No. 2:15-cv-13085
                                       Hon. Mark A. Goldsmith
                                       Mag. Judge Mona K. Majzoub

HON. JUDGE TIMOTHY M. KENNY, in his official
capacity as the Chief Judge Pro-Tem and
Presiding Judge of the Criminal Division
of the Wayne County Circuit Court, KYM
WORTHY, in her official capacity as the
Wayne County Prosecutor, and CHARTER
COUNTY OF WAYNE, a municipal corporation,

      Defendants.

---

| | |
|---|---|
| Andrew A. Paterson (P18690) | Ellen Sharf (P37711) |
| Attorney for Plaintiff | Attorney for Defendant Hon. Timothy M. Kenny |
| 46350 Grand River Ave., Suite C | Office of the General Counsel |
| Novi, MI 48374 | Associate General Counsel-Civil Division |
| (248) 568-9712 | 742 Coleman A. Young Municipal Center |
| | 2 Woodward Avenue |
| | Detroit, MI 48226 |
| | (313) 224-8805 |

---

## BRIEF IN SUPPORT OF DEFENDANT HON. TIMOTHY M. KENNY'S MOTION TO DISMISS

## CONCISE STATEMENT OF ISSUES PRESENTED

1.     Are Plaintiff's claims against Defendant Hon. Timothy M. Kenny moot?

## CONTROLLING OR MOST APPLICABLE AUTHORITY

<u>Issue No. 1</u>: Mootness

*Ailor v City of Maynardville*, 368 F3d 587, 596 (CA 6, 2004)

*Church of Scientology of Ca v United States*, 506 US 9,12; 113 S Ct 447; 121 L Ed 2d 313 (1992)

*Lewis v Continental Bank Corp*, 494 US 472, 477; 110 S Ct 1249; 108 L Ed 2d 400 (1990)

*Mills v Green*, 159 US 651, 653; 16 S Ct 132; 40 L Ed 2d 293 (1895)

*Picron-Peron v Rison*, 930 F 2d 773, 776 (CA 9, 1991)

*Preiser v Newkirk*, 422 US 395, 401; 95 S Ct 2330; 45 L Ed 2d 272 (1975)

## I. Statement of Material Facts

1.      Defendant Hon. Timothy M. Kenny, the Chief Judge Pro-Tem, and Presiding Judge of the Criminal Division of Wayne County Circuit Court, sat as a one-man grand juror in proceedings involving the possible corruption and illegal conduct in conjunction with the construction of the new Wayne County Jail. (Exhibit 1, Complaint, ¶ 10).

2.      During these proceedings, the Wayne County Prosecutor, Defendant Kym L. Worthy, moved for a protection order, prohibiting the public disclosure of the August 16, 2013 Wayne County Consolidated Jail Facility Construction Cost through June 30, 2013, Independent Auditor Report (Wayne County Jail Construction Audit), and its supporting documentation. The Wayne County Jail Construction Audit is an investigative report that was prepared and compiled by the former Wayne County Auditor General. Judge Kenny granted the motion. (Exhibit 1, Complaint, ¶ 13).

3.      On September 18, 2013, Judge Kenny entered an "Order of Protection Regarding the Wayne County Auditor General's Report on the Consolidated Jail Facility Construction Project" ("the Order") based on the secrecy provisions of the grand jury statutes. (Exhibit 2, 9/18/13 Order).

4.      The term of Judge Kenny's appointment as a one-man grand juror, and the grand jury itself has now expired. The Wayne County Jail Construction Audit, and its supporting documentation, have been sealed, and are in the possession of the Clerk of the Michigan Supreme Court pursuant to MCL 767.6a. (Exhibit 1, Complaint, ¶ 15).

5.      On two separate occasions after Judge Kenny issued the Order, well-known community and union activist Robert Davis, by, through, and on behalf of his registered Michigan non-profit corporation, Citizens United Against Corrupt Government

1

unsuccessfully petitioned Judge Kenny based on MCR 8.119(F)(3)(6) to modify and/or set aside the Order, and permit the public inspection of the Wayne County Jail Construction Audit. (Exhibit 1, Complaint, ¶ 16).

6.      In May 2015, Plaintiff Desmond M. White, a registered and qualified elector of the City of Detroit, submitted a request to Wayne County under Michigan's Freedom of Information Act (FOIA), and Mich Const 1963, art 9, § 23, seeking to publically inspect and receive copies of the Wayne County Jail Construction Audit. Wayne County failed to respond to the request. (Exhibit 1, Complaint, ¶ 17).

7.      On August 31, 2015, Plaintiff filed a four count complaint against Judge Kenny, Worthy, and Wayne County (collectively referred to as "Defendants"), for declaratory judgment and injunctive relief pursuant to 42 USC § 1983, 28 USC § 1331, 28 USC § 1337, 28 USC § 1343, 28 USC § 1367, and 28 USC § 2201 *et seq*. (Exhibit 1, Complaint, Counts I-IV).

8.      In Count I, Plaintiff alleges that a judgment should be issued, declaring MCL 767.6a on its face, and as applied to her, unconstitutional as violative of her procedural due process rights under the Fourteenth Amendment of the United States Constitution, on the ground that her Michigan constitutionally granted right to publically inspect the Wayne County Jail Construction Audit was denied by the statutory provision. (Exhibit 1, Complaint, Count I).

9.      In Count II, Plaintiff alleges that pursuant to Fed. R. Civ. P. 60(b)(4), a judgment should be granted, declaring the Order void because it was entered in violation of her procedural due process rights under the Fourteenth Amendment of the United States Constitution, and denied her the right under the Michigan constitution to the public

2

inspection of the Wayne County Jail Construction Audit. (Exhibit 1, Complaint, Count II).

10.      In Count III, Plaintiff seeks injunctive relief, enjoining Defendants from enforcing MCL 767.6a, and the Order. She requests costs and attorney fees pursuant to 42 USC § 1988 in Count IV. (Exhibit 1, Complaint, Count III).

11.      On December 18, 2015, Judge Kenny entered an Amended Order of Protection, following which Plaintiff received a copy of the Auditor General's Report. (Exhibit 3, 12/18/15 Order).

## II. Standard of Review

The purpose of Fed. R. Civ. P. 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. See *Nishiyama v Dickson County, Tennessee*, 814 F 2d 277, 279 (CA 6, 1987). Dismissal is appropriate where a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The rule requires a court to construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff's allegations plausibly establish a case which would entitle the plaintiff to relief. *Bell Atlantic Corp v Twombly*, 550 US 544; 127 S Ct 1955, 1968-70; 167 L Ed 2d 929 (2007).

## III. Argument

### A.  Plaintiff's Complaint is Moot.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings, which means that throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury

3

traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v Continental Bank Corp*, 494 US 472, 477; 110 S Ct 1249; 108 L Ed 2d 400 (1990); *see also Preiser v Newkirk*, 422 US 395, 401; 95 S Ct 2330; 45 L Ed 2d 272 (1975). If an event occurs subsequent to the filing of a lawsuit which deprives a court of the ability to provide meaningful relief, the case becomes moot and is subject to dismissal. *See Ailor v City of Maynardville*, 368 F3d 587, 596 (CA 6, 2004). Similarly, a claim becomes moot when the controversy between the parties is no longer alive because the party seeking relief has obtained the relief requested. *See, e.g.,Picron-Peron v Rison*, 930 F 2d 773, 776 (CA 9, 1991)(claim is moot when court no longer has power to grant the requested relief).

As noted above, Plaintiff has received a copy of the Auditor General's Report. As a result, this Court can no longer grant her further relief on the claims contained in her complaint. The present case has thus been rendered moot and must be dismissed.

## IV. Conclusion

Plaintiff's receipt of the Auditor General's Report renders her complaint moot. "[A] federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.' " *Church of Scientology of Ca v United States*, 506 US 9,12; 113 S Ct 447; 121 L Ed 2d 313 (1992), quoting *Mills v Green*, 159 US 651, 653; 16 S Ct 132; 40 L Ed 2d 293 (1895). Accordingly, Plaintiff's case must be dismissed.

## V. Relief Requested

For all the foregoing reasons, Judge Kenny respectfully requests that this Court grant his Motion to Dismiss.

Respectfully submitted,

/s/ Ellen Sharf

_____
Ellen Sharf (P37711)
Attorney for Defendant Hon. Timothy M. Kenny
Office of the General Counsel
Associate General Counsel-Civil Division
742 Coleman A. Young Municipal Center
2 Woodward Avenue
Detroit, MI 48226
(313) 224-8805
ellen.sharf@3rdcc.org

**DATED:** January 4, 2016

## LOCAL RULE CERTIFICATION

I, Ellen Sharf, certify that this document complies with Local Rule 5.1(a), including: double spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

## CERTIFICATE OF SERVICE

I certify that on January 4, 2016, I filed a copy of the foregoing with the Clerk of the Court using the electronic filing system which will send electronic notification of this filing to all parties.

/s/ *Ellen Sharf*
_____
Ellen Sharf (P37711)
Attorney for Defendant Hon. Timothy M. Kenny
Office of the General Counsel
Associate General Counsel-Civil Division
742 Coleman A. Young Municipal Center
2 Woodward Avenue
Detroit, MI 48226
(313) 224-8805
ellen.sharf@3rdcc.org

6

## INDEX OF EXHIBITS

1) Complaint w/o Exhibits

2) 9/18/13 Order

3) 12/18/15 Order

# EXHIBIT
# 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESMOND M. WHITE,                                    Hon.

    Plaintiff,                                 Case No. 15- cv-

v

HON. JUDGE TIMOTHY M. KENNY, in his official capacity as the
Chief Judge Pro-Tem and Presiding Judge of the Criminal
Division of the Wayne County Circuit Court,
KYM WORTHY, in her official capacity as the Wayne County Prosecutor, and
CHARTER COUNTY OF WAYNE, a municipal corporation,
      Defendants.

_____/

Andrew A. Paterson P18690
Attorney for Plaintiff
46350 Grand River Ave., Suite C
Novi, MI 48374
(248) 568-9712
aap43@outlook.com

_____/

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

    NOW COMES, PLAINTIFF DESMOND M. WHITE ("Plaintiff White"

or "Plaintiff"), by and through her attorney, ANDREW A. PATERSON, for her

Verified Complaint for Declaratory Judgment and Injunctive Relief

("Complaint"), states and alleges the following:

### I.  NATURE OF PLAINTIFF'S CLAIMS

1.  Plaintiff White's claims are brought pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ §§ 1331, 1337, 1343, 1367, and the Declaratory Judgment Act, 28 U.S.C. § 2201, et. seq.

2.  Plaintiff White alleges in Count I of the Complaint that a declaratory judgment should be issued declaring that Mich. Comp. Law § 767.6a, on its face, and as applied to Plaintiff White, is unconstitutional for it violates Plaintiff White's Procedural Due Process rights under the Fourteenth Amendment of the United States Constitution,  by the statute denying to her, her Michigan constitutionally granted, right to the public inspection of the 2013 Wayne County Jail Construction Audit Report.

3.  Plaintiff White alleges in Count II of the Complaint that pursuant to Fed. R. Civ. P. 60(b)(4), a declaratory judgment should be granted declaring that Wayne County Circuit Court Chief Judge Pro-Tem Timothy Kenny's Order of Protection, entered in the One-Man Grand Jury Proceedings regarding the construction of the new Wayne County Jail, shall be declared void because it was entered in violation of Plaintiff White's Procedural Due Process rights under the Fourteenth Amendment of the United States Constitution and denied her the public inspection of the Wayne County Jail Construction Audit Report – an inspection  right the Michigan constitution gives to her.

4.  Plaintiff White alleges in Count III of the Complaint that injunctive relief should be granted permanently and preliminarily enjoining the Defendants from enforcing Mich. Comp. Laws § 767.6a and enjoining Wayne County Circuit Court Chief Judge Pro-Tem Timothy Kenny's Order of Protection, with respect to his

Order denying Plaintiff White, the public inspection of the 2013 Wayne County Jail Construction Audit Report.

5.  Plaintiff White alleges in Count IV of the Complaint that Plaintiff White must be awarded her attorney fees and costs pursuant to 42 U.S.C. § 1988.

## II.  JURISDICTION AND VENUE

6.  This Court has jurisdiction over Plaintiff White's claims pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343, 1367.

7.  This Court also has jurisdiction to render and issue a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, et. seq.

8.  Venue is proper under 28 U.S.C. § 1391 because Plaintiff White is a resident of the Eastern District of Michigan, all Defendants reside or have their principal offices located in the Eastern District of Michigan, and the actions giving rise to this complaint all occurred within the Eastern District of Michigan.

### III.  PARTIES

9.  Plaintiff White is a registered and qualified elector of the City of Detroit, County of Wayne, and State of Michigan.  Plaintiff White is also politically active in her community and has volunteered for many civic and political events and causes.

10.  Defendant Honorable Judge Timothy M. Kenny ("Judge Kenny"), is the duly elected Chief-Judge Pro Tem of the Wayne County Circuit Court and also serves as the Presiding Judge of the Criminal Division of the Wayne County Circuit Court.  Pursuant to Mich. Comp. Laws § 767.3, Judge Kenny served and sat as the One-Man Grand Juror that investigated possible corruption and illegal conduct with respect to the construction by the Defendant Wayne County of the new Wayne County Jail.

11. Defendant Kym Worthy ("Defendant Worthy") is the duly elected prosecutor for the Defendant Wayne County.

12. Defendant Charter County of Wayne ("Defendant Wayne County") is a chartered county that is governed by the Wayne County Charter.  In accordance with the Wayne County Charter, it has a Legislative Auditor General charged with certain responsibilities and duties, including but not limited to, preparing audit reports with respect to county funds.

### IV.  COMMON FACTS

13.  On September 18, 2013, Judge Kenny, at the request of and on the motion of Defendant Worthy, entered an Order of Protection prohibiting the disclosure of the "Wayne County Consolidated Jail Faculty Construction Cost Through June 30, 2013, Independent Auditor Report" ("Wayne County Jail Construction Audit") and its supporting documentation. The Wayne County Jail Construction Audit was prepared and compiled by the, now former, Wayne County Legislative Auditor General, Willie Mayo.  (See Judge Kenny's September 18, 2013 Order of Protection attached as Exhibit B).

14.  On or about September 16, 2014, Judge Kenny, sitting as the one-man (judge) grand juror under MCL § 767.3, issued three (3) indictments. Indicted were former Defendant Wayne County's chief financial officer Carla Sledge; Steven Collins, an attorney from Wayne County Corporation Counsel; and the former jail construction manager Anthony Parlovecchio.

15.  The term of Judge Kenny's appointment as the one-man grand juror, and the grand jury itself so established, has now expired.  Thus, pursuant to Mich. Comp. Laws § 767.6a, all of the exhibits, including the Wayne County Jail Construction Audit, and its supporting documents are now sealed by and with the Clerk of the Michigan Supreme Court.

16.  On two separate occasions, after Judge Kenny issued his September 18, 2013 Order of Protection, and after the grand jury had expired, well-known

community and union activist Robert Davis, by, through, and on behalf of his registered Michigan non-profit corporation, Citizens United Against Corrupt Government ('Citizens United"), unsuccessfully petitioned Judge Kenny to modify and/or set aside his September 18, 2013 Order of Protection pursuant to MCR 8.119(F)(3),(6) and permit the public inspection of the Wayne County Jail Audit.

17.   And, in May, 2015, Plaintiff White, pursuant to Michigan's Freedom of Information Act ('FOIA") as well as pursuant to Mich. Const. 1963, art. 9, § 23, sent via electronic mail (email), a request to Aaron Thomas, Assistant Corporation Counsel for Defendant Wayne County, seeking to publicly inspect and receive copies of the Wayne County Jail Construction Audit and its supporting documents.  (See Plaintiff White's affidavit attached as Exhibit A). Mr. Thomas had also appeared in the Citizens United proceeding before Judge Kenny, representing the County and its Auditor General.

18.   As of the date of the filing of this Complaint, the Defendant County through Mr. Thomas or otherwise has failed to reply to Plaintiff White's request under Michigan's FOIA and Mich. Const. 1963, art. 9, § 23.  Although there has been no response to Plaintiff White's written request, it may be safely assumed that Defendant Wayne County would have issued a written denial to Plaintiff White's request, citing Judge Kenny's September 18, 2013 Order of Protection

and the Defendant County and it Auditor's required compliance under Michigan law therewith (See *Kirby v MHSAA*, 459 Mich 23, 40; 585 NW2d 290 (1998) where the Michigan Supreme Court held: "A party must obey an order entered by a court with proper jurisdiction, even if the order is clearly incorrect, or the party must face the risk of being held in contempt and possibly being ordered to comply with the order at a later date." and see, Plaintiff White's affidavit attached to the Complaint as Exhibit A).

## V. CAUSES OF ACTION
### COUNT I
*Mich. Comp. Laws § 767.6a, On Its Face, and, As Applied To Plaintiff White, Violate The Procedural Due Process Clause of the Fourteenth Amendment.*

19.  Plaintiff White incorporates, repeats, and realleges, the foregoing allegations as though they were fully set forth and stated herein.

20.  This claim is brought pursuant to 42 U.S.C § 1983 and the Declaratory Judgment Act.  This claim seeks prospective declaratory and injunctive relief against all of the named Defendants.

21.  Mich. Comp. Laws § 767.6a (the Michigan grand Jury statute) states in pertinent part:

> "On termination of any such inquiry lasting not more than 30 calendar days the docket, journal reporters' notes, transcript and other record of such judge in such inquiry shall be sealed and filed with the clerk of the court having jurisdiction; and if lasting more than 30 calendar days shall be sealed and filed with the

> clerk of the supreme court of the State of Michigan,
> where it shall be held secretly in a separate container
> securely locked. Any person who shall violate the
> secrecy herein ordered as to such docket, journal,
> transcript and record shall be punished as provided in
> section 4 hereof."

22.  Pursuant to Mich. Comp. Laws § 767.6a, Judge Kenny, without notice to Plaintiff, granted Defendant Worthy's motion to so seal the grand jury records, including the jail audit and its supporting documents, and entered his September 18, 2013 Order of Protection. (See Judge Kenny's Order of Protection attached as Exhibit B).

23. Despite such motion and Order of Protection so sealing the jail audit and its supporting documents, the Plaintiff White and all other citizens of the State of Michigan, have a *state constitutional right* to publicly inspect any and all financial documents, including any audit reports, of all local units of government.  The Mich. Const. 1963, art. 9, § 23 states in relevant part:

> "All financial records, accountings, audit reports and
> other reports of public moneys shall be public records
> and open to inspection."

24.  It is not disputed that the Wayne County Jail Construction Audit is a financial record and an audit report as contemplated in the Michigan constitution.  Thus, under Mich. Const. 1963, art. 9, § 23, Plaintiff White has a protected state constitutional right to publicly inspect the Wayne County Jail

Construction Audit that was admitted by Judge Kenny as Exhibit A for consideration by the grand jury.

25. Thus Mich. Comp. Laws § 767.6a, on its face, and as applied to Plaintiff White, violates Plaintiff White's Procedural Due Process rights under the Fourteenth Amendment of the United States Constitution with respect to denying to her, her state constitutionally granted, right to publicly inspect the Wayne County Jail Construction Audit.  (See Plaintiff White's affidavit attached as Exhibit A).

26.  "The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process." *Bazetta v McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). And "[t]hose who seek to invoke its procedural protection must establish that one of these interests is at stake.*" Wilkinson v Austin,* 125 S.Ct. 2384, 2393, 162 L.Ed.2d 174 (2005).

27.  "In order to establish a procedural due process claim, a plaintiff must show that (1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest." *Waeschle v Dragovic*, 576 F.3d 539, 544 (6th Cir. 2009) (internal quotation marks omitted).

28.  "Property interests, of course, are not created by the [United States] Constitution.  Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law--rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."  *Bd. of Regents v Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).  "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it."  *Bd of Regents v Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

29. A state constitution can create a protected property interest.  "State statutes or rules create protected property interests by entitling a citizen to certain benefits."  *Daniels v Woodside*, 396 F.3d 730, 736 (6th Cir. 2004).

30.  "Although property rights are principally created by state law, whether a substantive interest created by the state rises to the level of a constitutionally protected property interest is a question of federal constitutional law... The due process clause only protects those interests to which one has a legitimate claim of entitlement."  *Waeschle v Dragovic*, 576 F.3d 539, 544-545 (6th Cir. 2009).

31. Under the clear and unambiguous language of Mich. Const. 1963, art. 9, § 23, Plaintiff has a protected property interest in and is "entitled" to publicly inspect the Wayne County Jail Construction Audit that was admitted as Exhibit A before Judge Kenny sitting as the one-man grand juror. (See Plaintiff's affidavit attached as Exhibit A).

32. Plaintiff has asserted her right to publicly inspect the Wayne County Jail Construction Audit, but her request has been ignored and denied by the Defendant Wayne County. (See Plaintiff's affidavit attached as Exhibit A).

33. Acting under color of law and pursuant to customs, policies and practices of the State of Michigan, in their respect official capacities, Defendants conduct violates Plaintiff White's Procedural Due Process rights protected by the Fourteenth Amendment of the United States Constitution.

34. "Although the existence of a property interest is defined by state law, the procedures that must be followed in depriving an individual of that property interest are defined by the federal constitution." *Silberstein v City of Dayton,* 440 F.3d 306, 315 (6th Cir. 2006).

35. "The fourteenth amendment's guarantee of procedural due process assures that the deprivation of life, liberty, or property "be preceded by notice and opportunity for a hearing appropriate to the nature of the case."" *Singfield v Akron Metro. Hous. Auth.*, 389 F.3d 555, 565 (6th Cir. 2004) (quoting

*Cleveland Bd. of Educ. v Loudermill*, 470 U.S. 532, 538, 84 L.Ed.2d 494, 105

S. Ct. 1487 (1986)).

36.  "The 'root requirement' of the Due Process Clause requires that 'an

individual be given the opportunity for a hearing before he is deprived of any

significant property interest.'"  *Silberstein v City of Dayton*, *supra*, at 315.

37.  Plaintiff was not afforded with such prior notice, nor a hearing, prior

to being deprived of her protected constitutionally granted property interest to

publicly inspect and receive a copy of the Wayne County Jail Construction

Audit. (See Plaintiff's affidavit attached as Exhibit A).

38.  Pursuant to the mandatory and nondiscretionary language of Mich.

Comp. Laws § 767.6a, Plaintiff was so deprived of her protected property

interest to publicly inspect and receive a copy of the Wayne County Jail

Construction Audit when Judge Kenny's Protection Order was heard and

entered without  notice to her or a hearing for her to accept and attend.

39.  It is anticipated that Defendants will assert the argument that the

Michigan Court Rules ("MCR"), being MCR 8.119(F), allows an interested

person, like Plaintiff White, to petition the Wayne County Circuit Court, as did

Citizens United, to set aside or modify an order of protection AFTER it is

entered, and that thus Plaintiff's Procedural Due Process rights have not been

violated.  However, "[p]ost deprivation remedies do not satisfy due process

where a deprivation of property is caused by conduct pursuant to established state procedures rather than random and unauthorized action." *Hudson v Palmer*, 468 U.S. 517, 532, 82 L.Ed.2d 393, 104 S.Ct. 3194 (1984).

40. The mandates of Mich. Comp. Laws § 767.6a are not random and Judge Kenny was statutorily "authorized" and even mandated to have the Wayne County Jail Construction Audit sealed and unavailable for public inspection. Accordingly, any post deprivation remedies offered by MCR 8.119 (F) simply cannot satisfy Plaintiff's due process rights. *Hudson v Palmer*, 468 U.S. at 532. Additionally, Judge Kenny cannot be said to be an impartial decision maker that could decide said motion, for in oral argument in Citizens United, he pointed to the criminal violations that even he might be subjected to in the event he were to order the Wayne County Jail Audit and supporting documents unsealed.

## COUNT II
### *Judge Kenny's September 18, 2013 Protection Order Is Void Under Fed. R. Civ. P. 60(b)(4)*

41. Plaintiff White incorporates, repeats, and realleges, the foregoing allegations as though they were fully set forth and stated herein.

42. This claim is brought pursuant to 42 U.S.C. § 1983, the Declaratory Judgment Act, and Fed. R. Civ. P. 60(b)(4). This claim seeks prospective declaratory and injunctive relief against all Defendants.

43.  As noted above, in May 2015, Plaintiff sent an email request to receive a copy of the Wayne County Jail Construction Audit pursuant to Mich. Const. 1963, art. 9, § 23, and, Michigan FOIA.  (See Plaintiff's affidavit attached as Exhibit A).

44.  To date, the Defendant Wayne County has not formally responded to Plaintiff White's formal written request to publicly inspect and receive a copy of the Wayne County Jail Construction Audit.  And, although the Defendant Wayne County has not formally responded, its failure to respond is a "denial" under Michigan law and solely extends from Defendant Wayne County's belief and conclusion that they are legally bound under Michigan law by Judge Kenny's September 18, 2013 Order of Protection (Exhibit B).  Such beliuef and conclusion are well founded for the Michigan Supreme Court has held: "A party must obey an order entered by a court with proper jurisdiction, even if the order is clearly incorrect, or the party must face the risk of being held in contempt and possibly being ordered to comply with the order at a later date." *Kirby v MHSAA*, 459 Mich 23, 40; 585 NW2d 290 (1998).

45.  Nonetheless, Judge Kenny's September 18, 2013 Order of Protection must be declared void under Fed. R. Civ. P. 60(b)(4) because Defendant Worthy's motion and Judge Kenny's subsequent granting of Defendant Worthy's motion to seal the Wayne County Jail Construction Audit in accordance with

the state's statutory scheme for grand jury proceedings, directly violates Plaintiff's Procedural Due Process rights under the Fourteenth Amendment to exercise her constitutionally granted right to inspect the Wayne County Jail Audit.

46.  It is well-settled in the Sixth Circuit that "[a] judgment is void under [Rule] 60(b)(4) if the Court that rendered it lacked jurisdiction over the subject-matter, or of the parties, or if [it] acted in a manner inconsistent with due process of law." *Antoine v Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995).

47.  The United States Supreme Court has said, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party or notice or the opportunity to be heard." *United Student Aid Funds, Inc. v Espinosa*, 559 U.S. 260, 271, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010). This case present such the rare instance.

48.  As noted above, Plaintiff White has a protected property interest under the Michigan Constitution to publicly inspect audit reports prepared by local units of governments like the Defendant Wayne County.

49.  Accordingly, because Plaintiff was not provided with prior notice of Defendant Worthy's motion and was not provided an opportunity to be heard prior to Judge Kenny entered his September 18, 2013 Order of Protection,

Plaintiff White's Procedural Due Process rights were violated and thus, Fed. R. Civ. P. 60(b)(4) directly applies.

50.   It may be anticipated that Defendants will assert the argument that this Court is required to give full faith and credit to Judge Kenny's September 18, 2013 Order of Protection, or that the *Rooker-Feldman doctrine* prevents this Court from voiding Judge Kenny's September 18, 2013 Order of Protection.

51.   Plaintiff understands that "...as a general matter, the 'federal courts must give the same effect to a state court judgment that would be given a court of the state in which the judgment was rendered.'" *Twin City Fire Ins. Co. v Adkins*, 400 F.3d 293, 299 (6th Cir. 2005) (quoting *Hosp. Underwriting Group Inc. v Summit Health, Ltd,* 63 F.3d 486, 494 (6th Cir. 1995)).  "But there is an important exception to this rule for state-court rulings made in the absence of subject-matter jurisdiction or due process." *Id*.

52.   "The State may not grant preclusive effect in its own courts to a constitutionally infirm judgment, and other state and federal courts are not required to accord full faith and credit to such a judgment." *Kremer v Chem. Constr. Corp.*, 456 U.S. 461, 482, 72 L.Ed.2d 262, 102 S.Ct. 1883 (1982).

53.  And, the Supreme Court has determined that "[a] judgment rendered in violation of due process is void in the rendering state and is not entitled to

full faith and credit elsewhere." *World-Wide Volkswagen Corp. v Woodson*, 444 U.S. 286, 291, 62 L.Ed.2d 490, 100 S. Ct. 559 (1980).

54. Consequently, "[w]here a federal court finds that a state-court decision was rendered in the absence of subject-matter jurisdiction or tainted by due process violations, it may declare the state court's judgment void ab initio and refuse to give the decision effect in the federal proceeding." *Twin City Fire Ins. Co. v Adkins*, 400 F.3d 293, 299 (6th Cir. 2005) (citations omitted).

55. Thus, to the extent Plaintiff is deemed to be challenging Judge Kenny's Protection Order she is a party "seeking to challenge a federal court's reliance on an invalid state-court judgment [and she] may properly frame [her] argument as a collateral attack upon the prior decision." *Twin City Fire Ins. Co. v Adkins*.

56. Thus, when this Court determines and declares that Plaintiff has a protected property interest to publicly inspect the Wayne County Jail Construction Audit under Mich. Const. 1963, art. 9, § 23, Judge Kenny's September 18, 2013 Order of Protection shall be declared void ab initio. *Twin City Fire Ins. Co.*

57. Importantly, the Court needs to consider that "'if the underlying judgment is void, it is a per se abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4).'" *Northridge*

*Church v Charter Twp of Plymouth*, 647 F.3d 606, 611 (6th Cir. 2011) (quoting

Antoine v Atlas Turner Inc., 66 F.3d 105, 108 (6th Cir. 1995)).

58. And finally the Court must recognize that the *Rooker-Feldman*

*doctrine* cannot apply because Plaintiff was not a party to any of the state-court

actions that sought Judge Kenny to amend or modify his September 18, 2013

Order of Protection after it was entered, and it cannot be disputed that Plaintiff

was not a party to the state-court motion in which Defendant Worthy filed that

sought the entry of the September 18, 2013 Order of Protection.  (See Plaintiff's

affidavit attached as Exhibit A).

59.  "Rooker-Feldman is a doctrine with only limited application."  *Coles*

*v Granville*, 448 F.3d 853, 857 (6th Cir. 2006).  And as the Sixth Circuit has

further explained: "[The Rooker/Feldman] doctrine is inapposite in the

preceding action in the present case, however, because Rooker/Feldman "does

not apply to bar a suit in federal court brought by a party that was not a party in

the preceding action state court."  *Twin City Fire Ins. Co. v Adkins*, 400 F.3d

293, 297-298 (6th Cir. 2005) (quoting *United States v Owens*, 54 F.3d 271, 274

(6th Cir. 1995)). Moreover, prospective relief for declaratory and injunctive

relief "fall outside the purview of Rooker-Feldman."  *Barry v Schmitt*, 688 F.3d

290, 300 (6th Cir. 2012).

60.  Additionally, "an exception to the [Rooker-Feldman] doctrine is that where a claim represents a "general challenge...to a state law implicated in the state decision, the federal courts have jurisdiction over that general challenge." *Howard v Whitbeck*, 682 F.3d 633, 639 (6th Cir. 2004) (citation omitted).

61.  Accordingly, Judge Kenny's September 18, 2013 Order of Protection shall be declared void pursuant to Fed. R. Civ. P. 60(b)(4) because its entry violated Plaintiff White's Procedural Due Process rights under the Fourteenth Amendment by depriving her of her state constitutionally granted right to inspect the Wayne County Jail Audit.

## COUNT III
### Injunctive Relief

62.  Plaintiff White incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

63.  This claim is brought pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act.

64.  This claim seeks prospective injunctive relief against all of the Defendants named herein.

65.  Plaintiff White seeks to enjoin, preliminarily and permanently, Defendants Judge Kenny, Worthy and Wayne County from enforcing Mich. Comp. Laws § 767.6a and Judge Kenny's September 18, 2013 Order of Protection with respect to denying Plaintiff the public inspection of the Wayne

County Jail Construction Audit and supporting documents because the statute and his order violates Plaintiff White's Procedural Due Process rights under the Fourteenth Amendment to so inspect.

## COUNT IV

### *Plaintiff Shall Be Awarded Court Costs and Attorney Fees Under 42 U.S.C. § 1988*

66.  Plaintiff White incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

67. Plaintiff White shall be awarded her attorney's fees and costs pursuant to 42 U.S.C. § 1988 for any relief granted for any of the counts properly pled and alleged herein.  See *Deja Vu of Nashville Inc v Metro Gov't of Nashville and Davison County*, 421 F.3d 417 (6th Cir. 2005); and see also, *Berger v City of May field Heights*, 265 F.3d 399, 406-407 (6th Cir. 2001).

## VI.  CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff White PRAYS that this Honorable Court grant the requested relief as follows:

A.  Issue a declaratory judgment declaring that Mich. Comp. Laws § 767.6a violates Plaintiff White's Procedural Due Process rights under the Fourteenth Amendment only with respect to denying Plaintiff White the right to publicly inspect the Wayne County Jail Construction Audit and supporting documents.

B.  Issue a declaratory judgment declaring that Judge Kenny's September 18, 2013 Order of Protection is void as thereto under Fed. R. Civ. P. 60(b)(4) because its entry violated Plaintiff White's Procedural Due Process rights under the Fourteenth Amendment.

C.  Issue injunctive relief enjoining Defendants from enforcing Mich. Comp. Laws § 767.6a and Judge Kenny's September 18, 2013 Order of Protection only with respect to denying Plaintiff White the right to publicly inspect the Wayne County Jail Construction Audit and supporting documents.

D.  Award Plaintiff White attorney's fees and costs pursuant to 42 U.S.C. § 1988.

E.  Grant any further relief the Court deems appropriate, just and proper.

Dated:  August 28, 2015                 Respectfully submitted,
                                        /s/ ANDREW A. PATERSON
                                        ANDREW A. PATERSON (P18690)
                                        Attorney for Plaintiff White
                                        46350 Grand River, Suite C
                                        Novi, MI 48374
                                        (248) 568-9712

# EXHIBIT
# 2

STATE OF MICHIGAN
IN THE THIRD CIRCUIT COURT
FOR THE COUNTY OF WAYNE

In Re:                                                      Case No. 13-777-GJ

    PETITION OF KYM L. WORTHY,                     Hon. Timothy M. Kenny
    WAYNE COUNTY PROSECUTOR,
    FOR A ONE-MAN GRAND JUROR JUDICIAL
    INVESTIGATION CONCERNING PUBLIC OFFICIAL
    WILLFUL NEGLECT OF DUTY, CONSPIRACY, FRAUD,
    MISCONDUCT, FALSE STATEMENTS RELATING TO PUBLIC FINANCES
    AND/OR FINANCIAL CONDITIONS IN WAYNE COUNTY.
_____/

## ORDER OF PROTECTION
## REGARDING THE WAYNE COUNTY AUDITOR GENERAL'S REPORT ON THE
## CONSOLIDATED JAIL FACILITY CONTRUCTION PROJECT

    IT IS HEREBY ORDERED that any and all copies of the Wayne County Consolidated Jail Faculty Construction Cost Through June 30, 2013, Independent Auditor Report, An Agreed Upon Procedures Report, DAP #2013-57-008, August 16, 2013, is evidence properly admitted as Exhibit "A" for consideration before the one-man grand jury and as such is subject to the secrecy provisions of the Grand Jury Statutes and shall not be publicly disclosed.

    IT IS FURTHER ORDERED that this prohibition on disclosure of Wayne County Consolidated Jail Faculty Construction Cost Through June 30, 2013, Independent Auditor Report, An Agreed Upon Procedures Report, DAP #2013-57-008, August 16, 2013 applies to any and all parties currently in possession of a redacted or unredacted version of this document and disclosure of this document or any related materials and/or attachments to the public would constitute a violation of the Grand Jury secrecy provisions and subject any party to criminal sanctions authorized by the statutes.

    IT IS FURTHER ORDERED that this prohibition on disclosure includes, but is not limited to, requests for information pursuant to the Michigan Freedom of Information Act (MCL 15.243(1)(b).

    IT IS HEREBY ORDERED that this Order of Protection shall remain in effect until superseded by future written order of this Court.

    *IT IS SO ORDERED.*

Date: 9/18/13

                          Hon. Timothy M. Kenny
                          Wayne County Circuit Judge

# EXHIBIT
# 3

STATE OF MICHIGAN

IN THE THIRD JUDICIAL CIRCUIT COURT FOR THE COUNTY OF WAYNE

In Re:

PETITION OF KYM L. WORTHY                    HON. TIMOTHY M. KENNY
WAYNE COUNTY PROSECUTOR                   Case No. 13-777-GJ
FOR A ONE-MAN GRAND JUROR JUDICIAL
INVESTIGATION CONCERNING PUBLIC OFFICIAL
WILLFUL NEGLECT OF DUTY, CONSPIRACY, FRAUD,
MISCONDUCT, FALSE STATEMENTS RELATING TO PUBLIC FINANCES
AND/OR FINANCIAL CONDITIONS IN WAYNE COUNTY
_____/

## AMENDED ORDER OF PROTECTION
## REGARDING THE WAYNE COUNTY AUDITOR GENERAL'S REPORT
## ON THE CONSOLIDATED JAIL FACILITY CONSTRUCTION PROJECT

   IT IS HEREBY ORDERED that the copy of the Wayne County Consolidated Jail Facility Construction Cost Through June 30, 2013, Independent Auditor Report, An Agreed Upon Procedures Report, DAP #2013-57-008, August 16, 2013, is evidence properly admitted as Exhibit "A" for consideration before the one-man grand jury and as such is subject to the secrecy provisions of the Grand Jury Statutes.  The exhibit "A" in the possession of the grand jury shall not be publicly disclosed.

   This order shall be construed to permit a party lawfully in possession of the above-mentioned audit report to disclose it pursuant to a lawful request or demand.

   IT IS HEREBY ORDERED that this Order of Protection shall remain in effect until superseded by future written order of this Court.

   IT IS SO ORDERED.

12/18/15
Date

Hon. Timothy M. Kenny
Presiding Judge – Criminal Division
Third Judicial Circuit Court Judge