# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DESMOND WHITE,

    Plaintiff,

-v-

HON. JUDGE TIMOTHY M. KENNY, et al.,

    Defendants.

Case No. 2:15-cv-13085

Hon. Mark A. Goldsmith

Mag. Judge Mona K. Majzoub

## SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS BY DEFENDANT KYM WORTHY

# CONCISE STATEMENT OF ISSUES PRESENTED

1. Should the Court consider the Wayne County Prosecutor's Motion to Dismiss unopposed where Plaintiff failed to file a response?

2. Are Plaintiff's claims for declaratory and injunctive relief under 42 U.S.C. § 1983 moot?

3. Is Plaintiff's potential state law claim under the Freedom of Information Act ripe for adjudication?

# CONTROLLING OR MOST APPLICABLE AUTHORITY

*Abbott Laboratories v. Gardner*, 387 U.S. 136 (1967).

*Brandywine, Inc. v. City of Richmond*, 359 F.3d 830 (6th Cir. 2004).

*Brooks v. Rothe,* 577 F.3d 701 (6th Cir. 2009).

*Carras v. Williams,* 807 F.2d 1286 (6th Cir.1986).

*County of Los Angeles v. Davis,* 440 U.S. 625 (1979).

*Fleet Aerospace Corp. v. Holderman,* 848 F.2d 720 (6th Cir. 1988).

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992).

28 U.S.C. § 1367.

## BACKGROUND

Plaintiff Desmond White ("Plaintiff") filed the present case under 42 U.S.C. § 1983 seeking the invalidation of Defendant Wayne County Circuit Court Judge Timothy M. Kenny's September 18, 2013 Order of Protection in state court grand jury proceedings barring the disclosure of the Auditor General's Report regarding the construction of the new Wayne County Jail. On October 29, 2015, Defendant Kym Worthy (the "Wayne County Prosecutor") filed a motion to dismiss because: (1) she was not a proper party to the case; (2) the Court should abstain under the *Younger* abstention doctrine; and (3) Plaintiff failed to state a cognizable claim for a violation of procedural due process. (Doc. No. 15, WCP Motion to Dismiss). The background facts of this dispute are recounted in that motion. Plaintiff did not file a response to the Wayne County Prosecutor's motion to dismiss.

On December 18, 2015, Judge Kenny entered an order in the grand jury proceedings stating that only the court copy of the Audit Report could not be disclosed – and that the "order shall be construed to permit a party lawfully in possession of the above-mentioned audit report to disclose it pursuant to a lawful request or demand." (Doc. No. 18, Judge Kenny Motion to Dismiss, Exhibit 3, 12/18/15 Amended Order). The Audit Report was then provided to Plaintiff's counsel.

1

On December 23, 2015, Citizens United Against Corrupt Government ("CUACG"), not Plaintiff, made a new request to Wayne County for the "backup documentation" referenced by the Audit Report. (Exhibit 24, 12/23/15 Email).[1] It is unclear whether any of this "backup documentation" is part of the state court grand jury file because the file contents are not public. In any event, Wayne County has received and is in the process of evaluating Plaintiff's request.

Despite the fact that September 18, 2013 order has been modified to permit Plaintiff to make lawful requests for the Audit Report documents under the FOIA, she has refused to dismiss this case, citing her recent FOIA requests as a reason for keeping this case open. (Exhibit 25, 12/24/15 Email). However, there is no dispute that the declaratory and injunctive relief sought by Plaintiff's Complaint is moot because the September 18, 2013 Order sought to be invalidated has been materially modified. Moreover, any claims based upon CUACG's "new" FOIA requests are not ripe for adjudication.

## ARGUMENT

**A.     Plaintiff Failed to File a Timely Response to the Wayne County Prosecutor's Motion to Dismiss.**

As explained above, Plaintiff did not file a response to the Wayne County Prosecutor's October 29, 2015 motion to dismiss. Therefore, the Court should consider the motion to dismiss unopposed.

---

[1] Exhibits continue from those in the Motion to Dismiss.

### B. Plaintiff's § 1983 Claims for Declaratory and Injunctive Relief Are Moot.

Plaintiff's Complaint sought three types of relief: (1) a declaratory judgment that Mich. Comp. Laws § 767.6a violated Plaintiff's procedural due process rights; (2) a declaratory judgment that the September 18, 2013 Order violated Plaintiff's procedural due process rights; and (3) an injunction against the enforcement of the September 18, 2013 Order. (Doc. No. 1, Compl. p. 20-21). Because the September 18, 2013 Order has been materially modified to permit Plaintiff to request documents held by Wayne County, all of these claims are now moot.

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *County of Los Angeles v. Davis,* 440 U.S. 625, 631 (1979) (citation omitted). "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir. 1986). A court determines mootness "by examining whether an actual controversy between the parties exists in light of intervening circumstances." *Fleet Aerospace Corp. v. Holderman,* 848 F.2d 720, 723 (6th Cir. 1988). Generally, claims for injunctive and declaratory relief under 42 U.S.C. § 1983 are rendered moot by the repeal or modification of a governmental or judicial act complained to have violated the Constitution. *See, e.g., Brandywine, Inc. v. City of Richmond*, 359 F.3d 830, 836 (6th Cir. 2004) ("Plaintiffs ask this court to declare unconstitutional the zoning

3

scheme as it existed when their license was revoked and to enjoin Richmond from enforcing that scheme. We can neither declare unconstitutional nor enjoin the enforcement of a provision that is no longer in effect"); *Northern Ohio Chapter of Associated Builders & Contractors, Inc. v. MetroHealth Sys.*, 280 F. App'x 464, 467 (6th Cir. 2008) (unpublished) ("MetroHealth has enacted a new policy that specifically states it will do exactly what plaintiffs sought in this suit, namely require that the unions agree to provide a project-specific collective bargaining agreement to the contractors. Plaintiffs' claims against MetroHealth, therefore, are moot").

 Here, Plaintiff's request for declaratory and injunctive relief regarding the September 18, 2013 is moot. Plaintiff claimed that the existence of the September 18, 2013 Order barred her from obtaining certain documents from Wayne County. However, not only does Plaintiff now have the actual Audit Report in her possession, the September 18, 2013 Order has now been modified to permit Plaintiff to seek, through FOIA or otherwise, documents relating to the Audit Report that are in Wayne County's possession and can be disclosed by law. Therefore, Plaintiff's claims for injunctive and declaratory relief are now moot.

### C. To the Extent That Plaintiff Attempts to Add a New Freedom of Information Act Claim, It Would Be Unripe For Adjudication.

To the extent that Plaintiff now claims that the existence of CUACG's post-December 18, 2015 Order FOIA request to Wayne County for the "backup documentation" to the Audit Report somehow keeps this case alive, this new, unplead claim is not ripe for adjudication. Even if it were ripe, Plaintiff would not be a proper party to such a claim because she did not submit the FOIA request. Even if the claims were ripe, and Plaintiff was a proper party, the Court should decline to exercise supplemental jurisdiction over this purely state law claim under 28 U.S.C. § 1367.

Michigan's FOIA states that a person who "provid[es] a public body's FOIA coordinator with a written request that describes a public record sufficiently to enable the public body to find the public record" is entitled "to inspect, copy, or receive copies of the requested public record of the public body." Mich. Comp. Laws § 15.233(1). Only if a public body denies all or part of a FOIA request does Michigan law provide administrative and judicial remedies to an individual. *See* Mich. Comp. Laws § 15.240. Here, CUACG made a request on December 23, 2015. Wayne County is still in the process of evaluating the request. Because there has been no denial of all or part of the FOIA request, and such claim would not be ripe for judicial review. *See Abbott Laboratories v. Gardner*, 387 U.S. 136,

5

148-49 (1967) (recognizing that ripeness prevents courts from hearing premature or abstract disagreements).

Even if the issue were ripe, Plaintiff has no standing to pursue a state law FOIA claim because the new request was not submitted by Plaintiff, but by CUACCG. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (holding that the standing requirement requires that a plaintiff has a personalized injury that a court can directly redress).

Even if the issue were ripe and Plaintiff had standing, because Plaintiff's federal claims are moot, the Court should decline to exercise supplemental jurisdiction over any such new state law FOIA claim under 28 U.S.C. § 1367. *See Brooks v. Rothe,* 577 F.3d 701, 709 (6th Cir. 2009) ("If the federal claims are dismissed before trial, the state claims generally should be dismissed as well") (citation omitted).

## CONCLUSION

For the foregoing reasons, and for the reasons stated in the motion to dismiss, the Wayne County Prosecutor requests that the Court grant her motion to dismiss.

Dated: January 6, 2016                        Respectfully submitted,

                                                     By: */s/ Davidde A. Stella*
                                                     Zenna Elhasan (P67961)
                                                     Wayne County Corporation Counsel
                                                     Davidde A. Stella (P69948)

Assistant Corporation Counsel
500 Griswold St., 30th Floor
Detroit MI 48226
(313) 224-5030
dstella@waynecounty.com

Attorneys for Kym Worthy

## CERTIFICATE OF SERVICE

I certify that on January 6, 2016, I filed a copy of the foregoing with the Clerk of the Court using the electronic filing system which will send electronic notification of this filing to all parties.

*/s/ Davidde A. Stella*
Davidde A. Stella (P69948)
Assistant Corporation Counsel

#305424

7