UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESMOND M. WHITE,

       Plaintiff,

vs.

TIMOTHY M. KENNY, et al.,

       Defendants.
_____/

Case No. 15-cv-13085
Hon. Mark A. Goldsmith

**OPINION AND ORDER
DENYING PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT AND
PRELIMINARY INJUNCTION (Dkt. 3), GRANTING DEFENDANT KYM L.
WORTHY'S MOTION TO DISMISS (Dkt. 15), GRANTING DEFENDANT TIMOTHY
M. KENNY'S MOTION TO DISMISS (Dkt. 18), AND DENYING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND (Dkt. 29) AS MOOT**

Plaintiff Desmond M. White brings this action under 42 U.S.C. § 1983, claiming that her procedural due process rights were violated because she was denied access to documents prepared for an audit of a public construction project, despite a Michigan constitutional provision requiring release of such materials to the public. Because the documents are also grand jury materials protected from disclosure by a Michigan statute, her claims require resolution of the apparent conflict between the state constitution and a state statute. Given the uncertainty of Michigan law on this issue, the action is dismissed in its entirety under the Pullman abstention doctrine.

**I. BACKGROUND**

The Chief Judge Pro Tem of the Wayne County Circuit Court, Defendant Judge Timothy M. Kenny, sat as the one-man grand jury that investigated possible corruption and illegal conduct with respect to the construction of the Wayne County Jail. Compl. ¶ 10 (Dkt. 1). On September

1

18, 2013, Judge Kenny entered an order of protection at the request of Defendant Kim L. Worthy, which prohibited the disclosure of the Wayne County Consolidated Jail Faculty Construction Cost Through June 30, 2013, Independent Audit Report (the "Audit Report"). Id. ¶ 13; see also 9/18/2013 Order, Ex. B to Compl. (Dkt. 1-2). Following the termination of the grand jury's inquiry and the issuance of three indictments, all of the grand jury exhibits, including the Audit Report and supporting documents, were sealed and held by the Clerk of the Michigan Supreme Court pursuant to Mich. Comp. Laws § 767.6a. Compl. ¶¶ 14-15.

Plaintiff claims that, in May 2015, pursuant to Michigan's Freedom of Information Act ("FOIA"), Mich. Comp. Laws § 15.231 et seq., and Mich. Const. 1963, art. 9, § 23, she sent an email seeking to inspect and receive copies of the Audit Report and its supporting documents. Id. ¶ 17. This request was directed to Aaron Thomas, Assistant Corporation Counsel for Wayne County. Id.[1] At the time Plaintiff filed the complaint, Thomas had not responded to her request. Id. ¶ 18. On the same day the complaint was filed, Plaintiff filed an "emergency motion" for a declaratory judgment and a preliminary injunction, seeking to void Judge Kenny's September 18, 2013 order under Federal Rule of Civil Procedure 60(b)(4) (permitting relief from a void judgment) (Dkt. 3).

Subsequently, on December 18, 2015, Judge Kenny entered an amended order of protection, which allowed Plaintiff to receive a copy of the Audit Report. See 12/18/2015 Order, Def. Kenny Mot. at 38 (cm/ecf page) (Dkt. 18). Plaintiff contends that this does not moot the case, because Judge Kenny's amended order does not permit the disclosure of the "supporting documents" to the Audit Report. See Pl. Resp. to Def. Kenny's Mot. to Dismiss at 3 (Dkt. 25).

Article 9, § 23 of the Michigan Constitution of 1963 guarantees that "[a]ll financial

---

[1] Wayne County has since been dismissed as a defendant in this case (Dkt. 14).

records, accountings, audit reports and other reports of public moneys shall be public records and open to inspection." The gist of Plaintiff's argument is that Judge Kenny's order and Mich. Comp. Laws § 767.6a — which here had the effect of sealing the Audit Report because it was an exhibit in a grand jury proceeding — both conflict with the Michigan Constitution's mandate that audit reports be made public and open to inspection. See Pl. Mot. at 5-6. As such, she alleges that the order and the statute violate her Fourteenth Amendment right to procedural due process of law.

Worthy filed a motion to dismiss, which incorporated a response to Plaintiff's motion to void the order (Dkt. 15). Worthy argued, among other things, that this Court should abstain from deciding this case under Younger v. Harris, 401 U.S. 37 (1971). Worthy Mot. at 13-16. Judge Kenny also filed a motion to dismiss, which raised no abstention defense, instead arguing that Plaintiff's case was mooted by her admission that she received the Audit Report. See Kenny Mot. at 4 (Dkt. 18).

On January 14, 2016, this Court held a hearing on Plaintiff's motion to void the order and Worthy's motion to dismiss. At that hearing, the Court discussed with counsel the possibility that, although Younger abstention was likely inapplicable, other abstention doctrines might apply to this case. To that end, the Court ordered supplemental briefing on the issue of abstention (Dkt. 23). In her supplemental brief (Dkt. 26), Worthy invoked abstention under the doctrine announced in Railroad Commission of Texas v. Pullman Co., 312 U.S. 496 (1941). Plaintiff's supplemental brief focused on that doctrine as well (Dkt. 27). The Court is, therefore, fully briefed on the applicable abstention doctrine.[2]

---

[2] The order for supplemental briefing also prompted the parties to brief the issue whether Plaintiff had standing to bring this case, based upon Worthy's allegation that Plaintiff could not prove that she ever requested the Audit Report in the first place. Since that time, Plaintiff

Although no hearing has been held on Judge Kenny's motion to dismiss, none is required; the claims against him are essentially the same as against Worthy, and the Pullman abstention doctrine applies equally to both. Therefore, a hearing on Judge Kenny's motion will not aid in the decisional process. See E.D. Mich. L.R. 7.1(f)(2).

## II.  STANDARD OF DECISION

In evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[c]ourts must construe the complaint in the light most favorable to plaintiff, accept all well-pled factual allegations as true, and determine whether the complaint states a plausible claim for relief." Albrecht v. Treon, 617 F.3d 890, 893 (6th Cir. 2010). To survive a motion to dismiss, a complaint must plead specific factual allegations, and not just legal conclusions, in support of each claim. Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009).

## III.  DISCUSSION

### A. Pullman Abstention

At the core of Plaintiff's claim is the question whether either Judge Kenny's order or § 767.6a offend Article 9, § 23 of the Michigan Constitution. Because the Michigan Constitution governs the boundaries of the alleged "property right" to inspect records, Plaintiff's contention that such a state constitutional right invalidates the state statute is not a question appropriately put to this Court. To date, the Michigan courts have not weighed in on the issue. And under fundamental principles of federalism, those courts should decide that question. Because that uncertain state-law issue would have to be resolved before addressing the federal claim, this Court abstains from deciding it and dismisses this action without prejudice.

---

executed an affidavit averring that she did request the Audit Report, although a copy of the original request has not been located (Dkt. 28). In light of the abstention basis on which the Court dismisses the case, it is not necessary to decide the standing issue.

"Where uncertain questions of state law must be resolved before a federal constitutional question can be decided, federal courts should abstain until a state court has addressed the state questions. This doctrine of abstention, known as the Pullman doctrine, acknowledges that federal courts should avoid the unnecessary resolution of federal constitutional issues and that state courts provide the authoritative adjudication of questions of state law." Brown v. Tidwell, 169 F.3d 330, 332 (6th Cir. 1999); see also R.R. Comm'n of Tex. v. Pullman Co., 312 U.S. 496 (1941). A federal court should decline to exercise jurisdiction where uncertain state law might fairly be interpreted to avoid constitutional determinations, so as to honor important principles of federalism and avoid premature resolution of constitutional issues. Harman v. Forssenius, 380 U.S. 528, 534 (1965) ("Where resolution of the federal constitutional question is dependent upon, or may be materially altered by, the determination of an uncertain issue of state law, abstention may be proper in order to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication."). Abstention is thus appropriate where state law is "fairly susceptible of a reading that would avoid the necessity of constitutional adjudication." Kusper v. Pontikes, 414 U.S. 51, 55 (1973).

Here, the prerequisites for Pullman abstention are met. State law is uncertain, because the statute and the constitutional provision appear to be in tension: the former seems to require preservation of the secrecy of certain grand jury materials such as the Audit Report, while the latter commands disclosure of audit reports. Furthermore, this tension is reasonably resolvable, because the statute is fairly subject to an interpretation rendering it consistent with the Michigan Constitution, thereby obviating any need to decide whether Plaintiff was denied a property right. For instance, § 767.6a could be construed to seal only those copies of audit reports bound within

5

the official record of the proceeding (as opposed to sealing all extant copies, no matter where they are found).³ And Article 9, § 23 is susceptible to an interpretation that limits its scope to its literal text, which includes "audit reports" but does not mention their "supporting documents." Because either interpretation would spare Judge Kenny's amended order from having an unconstitutional effect — as to the state or federal constitution — the Pullman abstention doctrine counsels that this Court should not wade into this state-law controversy.

Our case is much like Reetz v. Bozanich, 397 U.S. 82 (1970). There, the court confronted the tension between the Alaska Constitution's guarantee of access to fishing and an Alaskan statute's reservation of certain fishing rights to fishing-license holders. Although the federal district court, "feeling sure of its grounds on the merits," deemed the statute in violation of the Alaska Constitution, the Supreme Court reversed, holding that abstention was appropriate to avoid "needless friction between federal pronouncements and state policies." Id. at 86, 87. The same federalism concern is present in our case, as a federal court pronouncement might needlessly trench on the Michigan courts' prerogative to interpret their own law.

Plaintiff's response to Defendants' abstention argument is unpersuasive. Plaintiff concedes that abstention should apply where "state law is unclear and clarification of that law would preclude the need to adjudicate the federal question." Pl. Supp. Br. at 6 (quoting Hunter v. Hamilton Cnty. Bd. of Elections, 635 F.3d 219, 233 (6th Cir. 2011)). Plaintiff proceeds to argue that the state law is, in fact, clear, on the theory that the state statute clearly is in conflict

---

³ This interpretation comports with Judge Kenny's December 18, 2015 amended protection order unsealing the Audit Report. See Kenny Mot. to Dismiss at 38 (cm/ecf page) (Dkt. 18) (clarifying that the grand jury's copy of the Audit Report remains sealed, but permitting "a party lawfully in possession" of the Audit Report to disclose their copy to Plaintiff). Further, it makes logical sense, given that the statute might be fairly read as not insulating from disclosure a document widely circulating within the public domain or among many recipients simply because the grand jury might have considered one copy of it.

with the state constitution and should not be enforced. Id. at 7. However, in this Court's view, Michigan law is not clear, given that reasonable alternative approaches, as discussed above, would obviate the conflict. Because it cannot be known how Michigan courts would resolve the apparent tension between § 767.6a and Article 9, § 23 of the Michigan Constitution, abstention is the appropriate course of action.

The Court further determines that the appropriate remedy is dismissal, rather than a stay of this action. "[I]n cases where the relief being sought is equitable in nature or otherwise discretionary, federal courts not only have the power to stay the action based on abstention principles, but can also, in otherwise appropriate circumstances, decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court." See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 717-722 (1996). The Court opts to dismiss, on the ground that Plaintiff has not indicated any intention to pursue her constitutional argument in state court any time soon. Plaintiff has had an opportunity to pursue her claims in state court, but she has failed to do so. In such circumstances, this Court's docket should not be clogged by a stay of this case, which Plaintiff's lack of alacrity may simply allow to languish.

Because of the threshold impediment under the Pullman abstention doctrine, Plaintiff's claims must be dismissed.[4]

### B. Plaintiff's Motion to Amend

The Court has reviewed Plaintiff's emergency motion for leave to file an amended complaint (Dkt. 29) as well as the proposed amended complaint itself (Dkt. 29-1). In substantive

---

[4] As a consequence, the Court need not examine other issues implicated by Plaintiff's motion, including whether some pre-deprivation process was required because the state's procedures triggered the deprivation, rather than the unauthorized act of a state employee, see Pl. Supp. Br. at 8, or whether Plaintiff was afforded due process by virtue of the appeal and judicial review options available under FOIA. See Smith v. Davidson, No. 10-13898, 2013 WL 1319510, at *11 (E.D. Mich. Mar. 29, 2013).

part, the proposed amended complaint merely notes Plaintiff's renewed January 25, 2016 FOIA request for the same materials and the denial of the original and renewed requests. Proposed Am. Compl. ¶¶ 17-18, 47-48. These proposed amendments do not affect the abstention analysis set forth above. The motion is, therefore, denied as futile.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for declaratory judgment and preliminary injunction (Dkt. 3) is denied; Defendants' motions to dismiss (Dkts. 15, 18) are granted; Plaintiff's motion for leave to amend the complaint (Dkt. 29) is denied; and the case is dismissed without prejudice. A separate judgment will be entered.

SO ORDERED.

Dated: May 9, 2016  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
  United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 9, 2016.

  s/Karri Sandusky
  Case Manager